Lipscomb, J.
The appellant contends that the court erred in its judgment in allowing any interest at all, and that it is in contravention of the statute of the State fixing the rate of interest; that the act of the prohate judge in approving the claim did not change its character; that it remained an open account still; and that interest could not be allowed upon it as such. The second section of the act of January 18, 1840, to regulate interest, (Hart. Dig., art. 1007,) allows interest upon all written contracts ascertaining the sum due. An open account not being such written contract ascertaining the sum due, it has been decided by this court that the interest could not be allowed. (1 Tex. R., 105; 2 Tex. R., 238.) It will be seen, however, that the same act provides for the allowing of interest on all judgments of the several courts of the State. (Art. 1010,"' Ilart. Dig.) It was tit one time made a question whether under this section of the act the allowance of interest was not restricted-to judgments upon contracts on which interest was allowed, but this question is believed to have been settled in the case of Jewett v. Thompson, at Tyler, April Term, 1852; and it is held now that interest is allowed upon all judgments.
It is insisted by the appellants that the approval by the probate judge of the account allowed by the administrator is not a judgment; that at most it is only an account stated, and is not a contract in writing. The analogy between the approval of the account by the probate judge, and an account stated, is not perceived. The former is a judicial act, and it is so far a judgment that it closes the account and authorizes the order, without any further inquiry into the claim, of a sale of property for its satisfaction. The account stated carries with it no semblance of a judicial act.
For many purposes, no doubt, the action of the probate judge, in approval of the allowance and ordering it to be paid in due course of administration, must be regarded as a judgment, and was so regarded by this court in the case 'of Swenson et al. v. Walker’s Adm’r, 3 Tex. R., 96; and in Neill v. Hodge, 5 Tex. R., 437.) We have said that “the approval of a creditor’s claim by the “probate judge is a judgment upon that claim, and cannot, so far as the creditor is concerned, he questioned at a subsequent term of the Probate Court.”
If such approval can be regarded as a judgment for any purpose, it would seem difficult to exclude it from the provisions of the 5th section of the statute regulating interest, abeve referred to. And this construction, we believe, would have a most salutary influence in having prompt payment oE the claims against an estate and a more speedy closing of the succession. If the claims after allowance are to carry interest, an administrator will be bound to stop *260 such interest by payment as soon as he has the means of doing so; and if he permits the interest to ran after he has the means of payment, he will he justly chargeable to the estate for all such payments. Bat if such approvals of accounts are not to bear interest, he will be strongly tempted to put off and postpone by every possible shift and trick the payments of the claims, and in the meantime use the money with which the claims ought to be paid for his individual interest. This question is important in its application to the settlement of estates, and it is most likely that to have it settled was the main object in bringing- the case into this court. The judgment is affirmed.
Note 91. — Coles v. Kelsey, 18 T., 75.
Note 92. — Tlio allowance of a claim by an administrator, and its approval by the probate judiiO, is a judgment, which cannot be reviewed or set aside, except by a direct proceeding instituted for that purpose. (Jones a. Underwood, 11 T., 116; Moore v. Hillebrant, M T.,312: Eeelcs t>, Daniels, 10 T, 130; Hillebrant v. Barton, 17 T., 138; Lott v. Cloud, 23 T., 25J, Baker v. Rust, 37 T., 2-12; Smith v. Downes, 10 T., 57.)
Judgment affirmed.