## COLES, ADM'R v. KELSEY.

Judgments recovered after the Act of 1840 to regulate interest, (Hart. Dig. p. 496,) on contracts made before that Act bear interest; and the rate is eight per cent. per annum.

Although in the entry of judgment the amount of principal and the amount of interest be separately stated, the whole judgment bears interest.

Appeal from Washington. The appellee, who was plaintiff in the Court below, obtained judgment against the appellant in the District Court of Washington county, for the sum of $3000 debt and $1000 interest. Said judgment was obtained on a note executed before the 16th day of March, 1840. The judgment was certified to the County Court to be ranked and paid in course of administration. A controversy arose as to the rate of interest; the plaintiff in the first suit (Kelsey) contending that he was entitled to eight per cent. on the $3000 and also on the $1000 interest and so the County Court decreed.

*Lewis & Barber,* for appellant. The first inquiry is, Does this judgment carry interest?

2nd. If so, what rate of interest?

3rd. On what sum should interest be computed?

There can be no pretence that at Common Law interest could be levied on an execution. (Watson v. Fuller, 6 Johns. R. 283; Constable v. Calder, 2 Johns. R. 480; 2 La. R. 512; 3 La. R. 47; Stafford v. Mott, 3 Paige R. 100; Mower v. Kipp, 6 Id. 88; De Le Vega v. Everton, 1 Id. 182; Tunstall v. Trappers, 3 Con. Eng. Chan. R. 123; Mason v. Ludam, 2 Johns. Ch. R. 173; Wilson & Paul v. Alston, 1 R. Constitutional Court of S. C.) From the limited information of the Civil Law which we have, it does not appear that even a judgment would carry interest. (Saunders v. Taylor, 6 Martin, R. N. S. 387.) To entitle the plaintiff to interest under Art. 1610, Hart. Dig., 1st. It must be on a contract made since the passage of the Act. 2nd. It must be on a written contract, and it must not appear that more than eight per cent. was stipulated. If these propositions be true, we have no statute providing for the collection of interest on this judgment. The rate of interest is matter of law, and either the Court must fix the rate allowed or the law must direct what rate of interest shall be collected on executions. (Ballard v. Davis, 1 J. J. Marsh. R. 377; Cotton v. Ravelle, 2 Bibb, 99; Harper v. Bell, 4 Bibb, 221; Hardin v. Major, 4 Bibb, 104.)

2nd. If said judgment bears interest, what is the rate? We believe it could only bear interest at five per cent. from date of judgment, and that upon the original debt, that being the rate of interest stipulated in the original contract. (Neal v. Keel's Ex'or, 4 Monroe, 163, 164.)

3rd. Even if Art. 1610, Hart. Dig., controls the rate of interest to be recovered on this judgment, it could only be eight per cent. on $3000 and not on $4000. (Young's Adm'r v. Lancaster, 5 Monroe, 381; Haley v. Haley, Littell's Select Cases, 505.)

*J. C. & D. C. Giddings*, for appellee. This case is analogous to that of Jewett v. Thompson, 8 Tex. R. 437. And

the points were fully discussed in the case of Finley v. Ca-
rothers, 9 Tex. R. 517.

LIPSCOMB, J.   The appellee recovered a judgment against
the appellant for three thousand dollars principal and one
thousand dollars interest, and a question was made in the Pro-
bate Court to which the judgment had been ordered to be cer-
tified and payed in the due course of administration, whether
such judgment carried any interest at all; if any, whether it
should be allowed on the three thousand dollars or on the ag-
gregate sum of four thousand dollars, adjudged as the princi-
pal and interest.   The Probate Judge decided that interest run
on the whole judgment of four thousand dollars, from which
the administrator appealed to the District Court; and in that
Court the judgment of the Probate Court was affirmed, and
an appeal was taken to this Court.

It is not necessary to discuss the question, whether interest
is the creature of express law, or not.   I have no doubt my-
self that it is regarded in England and in all of the States
where the Common Law is the *corpus* of their jurisprudence,
as the creature of statute, and further, that after the first stat-
ute in England giving the rate of interest and defining upon
what kind of indebtedness it was recoverable, judgments did
not carry interest at all, because not provided for by the stat-
ute—the contract only carrying interest, and that being merged
in the judgment, no further interest could be given.   But we
have a statute expressly giving eight per cent. interest on judg-
ments.    Art. 1610, Hart. Dig., is as follows: " That all judg-
" ments of the several Courts of this Republic shall bear in-
" terest at the rate of eight per cent. per annum from and after
" the date of such judgment, and the same shall be recovered
" and allowed.   Provided, however, that said judgment shall
" be given only upon contracts hereafter made, in which there
" may be no more than eight per cent. stipulated in writing."
The construction that I had believed to be the true one, ac-
cording to the intent and meaning of the proviso, was that no

judgment carried interest, unless it was founded on a contract entered into subsequently to the passage of the Act, and then only when there was *not a greater rate* of interest stipulated in writing than eight per cent. per annum. I still believe that my construction of the proviso was right; but a majority of the Court decided differently in the case of Jewett v. Thompson, (8 Tex. R. 437.) That decision is the undoubted law of this Court. I have no disposition to question its correctness now, although I believe the decision has entirely disregarded the proviso, in toto, when it could have had full effect, without destroying the body of the Section, and only modifying and restraining it to act on a particular class of judgments. The law of the Court gives interest on all moneyed judgments rendered after the date of the statute above cited, and therefore the judgment in this case was entitled to the statutory interest of eight per cent.

It is objected, however, that a part of the judgment was for interest, and that on so much no interest ought to be allowed. We believe there is nothing in this objection. The interest due at the rendition of the judgment became incorporated into and a part thereof, and there is no exception in the statute, prohibiting interest on the whole. A judgment rendered on an open account, on which interest is not allowed whilst it remains an open account, carries interest on the judgment from the date of its rendition till payment, and even a quasi judgment of the approval of an open account, against a deceased person, carries interest from the date of the approval by the Probate Judge. (Finley v. Carothers, 9 Tex. R. 517.)

I would not have said anything about the proviso in the Article cited above giving interest on judgments, because under the decision cited it was not necessary; but in that case, as reported, it does not appear that I dissented from the opinion given. My brethren, however, will recollect that I did disagree with them, and I have availed myself of the present occasion to give the reasons which governed me in so dissenting. The judgment is affirmed.

                                        Judgment affirmed.