CITY OF SAN ANTONIO ET AL. v. ALAMO NATIONAL BANK.

Decided December 9, 1908.

**1.—Appeal—Insufficient Assignments of Error.**

In an appeal from a judgment against a city for the sum of certain warrants held by the plaintiff, the following assignments of error are held too general to require consideration, viz.:

"The court erred in rendering judgment against defendant city for the amount of said warrants, to wit: $8,269.80."

"The court erred in rendering judgment against defendants."

"The court erred in not rendering judgment in favor of the city as against plaintiff for the sum of $17,626.85, amount of warrants claimed to have been issued and fraudulently repaid to plaintiff by the city treasurer at plaintiff's solicitation and request in violation of the charter and ordinances of said city, as prayed for in paragraph 2 of defendant's answer."

**2.—City Warrants—Judgment—Interest.**

When a judgment is rendered against a city for the sum of certain warrants issued by such city, the judgment should bear interest from the date of the same.

**3.—Same—Foreclosing Lien on Fund—Pleading.**

A petition which, after alleging the indebtedness of the city on certain city warrants held by plaintiff, avers that plaintiff has a lien on the fund collected and to be collected for the fiscal year during which said warrants were issued, asks for judgment for plaintiff's debt, and that defendants be required to pay over to plaintiff as fast as collected all sums of money collected for said fiscal year not already made applicable to claims thereon superior to plaintiff's demand, is sufficient to authorize the trial court to decree a lien on the general fund of the city for the fiscal year named, to secure the payment of the judgment.

**4.—Pleading—Suit on City Warrant.**

In a suit against a city upon certain city warrants issued for the current expenses of a certain fiscal year plaintiff's pleading considered, and held, that an exception thereto on the ground that it appeared therefrom that there was a sufficient fund out of the uncollected back taxes for said fiscal year to more than satisfy plaintiff's warrants, and that said petition did not allege that defendant would divert said fund from the payment of plaintiff's warrants, was properly overruled.

Vol. LII. Civil—36.

**5.—Appeal—Cross-Assignment—Practice.**

A cross-assignment of error by an appellee will not be considered on appeal when said assignment is not copied into the record, nor a copy of his brief filed in the trial court.

Appeal from the 57th Judicial District, Bexar County. Tried below before Hon. A. W. Seeligson.

*Joseph Ryan,* for appellant, City of San Antonio.—Interest can not be recovered on contract evidenced by warrants issued under a law providing that they shall not draw interest, whether merged into judgment or not. The terms of the contract control the judgment. Howthorne v. State, 87 S. W., 841; 1 Abbott, Munc. Corp., p. 535; 1 Dillon, Munic. Corp., (4th ed.), section 506; 2 Beach, Pub. Corp., section 880; 28 Cyc., pp. 1569, 1570.

The court erred in overruling defendant's special exception No. 4 to plaintiff's first supplemental petition. The unlawful act of Meerscheidt, city treasurer, in diverting said sum of $17,628.85, not having been ordered by the city council, the city was not chargeable therewith —only the treasurer and his bondsmen—and plaintiff's remedy was against him and them and not against the city.

*Clinton G. Brown* and *William Aubrey,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by the appellee against the city of San Antonio, a municipal corporation, its mayor, Bryan Callaghan, and its treasurer, Charles Hummel, to recover against the city the sum of $8,664.11, alleged to be due upon warrants, owned and held by appellee, issued by the city for the salaries of its officers and employes for various sums due them, which were a part of its current expenses for the month of May, of the fiscal year commencing June 1, 1903, and ending May 31, 1904; and to enjoin the city and its codefendants from diverting the revenue applicable to the payment of such warrants.

After interposing general and special exceptions to plaintiff's petition, the substance of defendants' answer is: That, under the charter of the city, the warrants sued on were only payable out of its current revenue, when collected, of the fiscal year for which they were issued for a part of its current expenses, and could not be legally paid from the revenue of any other fund; that the city, during October and November, 1903, expended from the revenue of said fiscal year, to protect it against a yellow fever epidemic, the sum of $17,626.85 in excess of its appropriation for the fiscal year ending May 31, 1904, and for that reason was unable to pay its current expenses for said month, and that such expenditure was made for the best interest of the city and within what its authorities conceived to be the scope of their powers; that there was due the city back taxes for said fiscal year amounting to $45,000, out of which plaintiff's demand is payable, which the city was endeavoring to collect, but so far without success.

The defendants also pleaded in reconvention that the expenditure of $17,626.85 in excess of its appropriation, for the protection of the city

against the yellow fever epidemic, was an illegal and a wrongful diversion of that much of its funds from the purposes for which they had been appropriated; that the money so diverted was paid out by the plaintiff through Otto Meerscheidt, the treasurer of defendant city, in violation of the city's charter and ordinances; and that, therefore, plaintiff became liable to the city for said sum of money, for which it prayed judgment.

On October 31, 1907, an interlocutory restraining order, issued in favor of plaintiff on December 14, 1906, was dissolved; and on March 19, 1908, the case was tried without a jury, and judgment was rendered in favor of the plaintiff against the city on the warrants sued on for the sum of $8,269.81. It was further decreed that plaintiff has a lien upon the general fund of the city derived from the taxation for the fiscal year 1903-1904 to secure the payment of such judgment on said warrants, in the order of their numbers, which are set out in the judgment, and that the city, Bryan Callaghan, its mayor, and Charles Hummel, its treasurer, and their successors in office were enjoined from diverting or using in any way such part of said general fund as was, at the date of the judgment, or might thereafter become applicable to the payment of said warrants in the order named. From this judgment and decree the defendants have appealed.

The first and second assignments of error insisted on in appellants' brief are:

"The court erred in rendering judgment against defendant city for the amount of said warrants, to wit: $8,269.80."

"The court erred in rendering judgment against defendants."

Article 1018 Rev. Stats. of 1895, requires the appellant or plaintiff in error to "file with the clerk of the court below all assignments of error, distinctly specifying the grounds on which he relies. . . . and provides that all errors not distinctly specified are waived." Either of these assignments is general enough to comprehend every error affecting the judgment that may have been committed in the trial of the case, though it does not distinctly specify a single error. If an assignment of error which complains of two rulings of the trial court, relating to two distinct questions, is insufficient to require a consideration of such questions, though followed by appropriate propositions and statements (Cammack v. Rogers, 96 Texas, 457; Masterson v. Heitmann, 38 Texas Civ. App., 476; Texas Mexican Ry. v. Lewis, 99 S. W., 579; Kaack v. Stanton, 112 S. W., 706), what can be said of one broad enough to cover every question in the case, while it does not distinctly specify a single ground of error? But one answer can be given the question, and that comes from the last clause of the statute quoted, "All errors not distinctly specified are waived." See Ackerman v. Huff, 71 Texas, 317; Watzlavzick v. Oppenheimer, 38 Texas Civ. App., 306; Yeakley v. Gaston, 111 S. W., 768; Western U. Tel. Co. v. Neil, 35 S. W., 29; Logan v. Lennix, 40 Texas Civ. App., 62; Wetz v. Wetz, 27 Texas Civ. App., 597; Thompson v. Chaffee, 39 Texas Civ. App., 567; Gulf, C. & S. F. Ry. v. Redeker, 57 Texas, 189; Richardson v. Levi, 67 Texas, 359. Therefore, each of these assignments must be regarded as waived, because neither distinctly specifies any error.

The third assignment is, that "The court erred in not rendering judg-

ment in favor of the city against plaintiff for the sum of $17,626.85, amounts of warrants claimed to have been issued, and fraudulently repaid to plaintiff by Otto Meerscheidt, city treasurer, at plaintiff's solicitation and request in violation of the charter and ordinances of said city, as prayed for in paragraph two of defendant's answer." This assignment, by reason of its generality, is subject to the same objection that was shown to the first and second; and, for the same reason, based upon the same authorities, will not be considered.

The next is, that "The court erred in rendering such a judgment as will bear interest, and in not providing that the same shall not draw interest." The assignment is overruled. Art. 3105, Rev. Stats. of 1895; Jewett v. Thompson, 8 Texas 437; Finley v. Carothers, 9 Texas, 517; Coles v. Kelsey, 13 Texas, 78; Ewell v. Daggs, 108 U. S., 145, 27 L. Ed., 682; Mutual Reserve Life Ins. Co. v. Jay, 109 S. W., 1117.

The fifth assignment of error complains of the court's rendering a general judgment against the city and at the same time decreeing a lien on the general fund of the city for the fiscal year 1903-1904. The proposition asserted, is that "Plaintiff's prayer being only for a general judgment, thereby waived any lien it might have had on said general fund." The record does not sustain the proposition. The petition, after alleging the indebtedness of the city, avers that plaintiff has a lien on the fund collected and to be collected for the fiscal year of 1903-1904, asks for judgment for plaintiff's debt, and that defendants be required to pay over to plaintiff as fast as collected all sums of money collected for said fiscal year, not already legally made applicable to claims thereupon superior to its demand. From which, it is obvious that plaintiff did not waive its lien on the general fund. This also disposes of the sixth assignment of error.

The seventh assignment is directed against the action of the court in overruling defendants' fifth special exception to plaintiff's first amended original petition. The proposition asserted is as follows: "Under the charter plaintiff's warrants can only be paid out of the designated general fund for 1903, when collected, and, it appearing from the recitals of its petition that there is due and apparent upon that year's tax rolls the sum of $28,224.43, which is more than sufficient to satisfy plaintiff's claim, said exception should have been sustained."

The exception referred to, which is the only statement subjoined to the proposition, is: "Fifth. It appears from said petition that there remains uncollected and apparent upon the back tax rolls of the defendant city for the fiscal year 1903-1904 the sum of about $28,224.43, which is more than sufficient to pay plaintiff's claim, and there is no allegation therein that defendant is diverting the same or any portion thereof, or denies plaintiff's right to receive payment of said warrants out of said fund for that year, therefore it appears from the face of said petition that there is a sufficient fund out of the uncollected taxes for 1903-1904 to more than satisfy said warrants." The exception was properly overruled. City of San Antonio v. Routledge, 102 S. W., 768.

Nor was there any error in overruling defendants' special exception No. 4 to plaintiff's supplemental petition, as is complained of in the eighth assignment of error.

Appellee's cross-assignment of error is not copied in the record, nor

does its brief seem to have been filed in the court below. Therefore it can not be considered. (Rule 101 of District Court; Settegast v. Blount, 46 S. W., 269; Lauchheimer v. Coop, 99 Texas, 386; Sullivan v. Fant, 110 S. W., 520.)

The evidence supports the judgment, and it is affirmed.

*Affirmed.*

Writ of error refused.