## GROESBECK et al. v. WIEST.

(Court of Civil Appeals of Texas. San Antonio. May 14, 1913.)

1. EVIDENCE (§ 373*)—DEEDS—PRELIMINARY EVIDENCE OF EXECUTION.

In trespass to try title, an unrecorded deed which had been filed for record, although not admissible as a recorded instrument, even after it was admitted that the person whose name was signed to the certificate of acknowledgment was a notary public, was admissible, after a witness testified that he prepared the deed, delivered it to the grantee, and saw the consideration passed from her to the grantor, and that he requested the notary public to take the acknowledgment, which was taken in his presence, as the execution of an instrument may be proved by circumstantial evidence or by admissions.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1581–1586, 1590, 1592, 1593, 1610, 1611; Dec. Dig. § 373.*]

2. LIS PENDENS (§ 24*)—OPERATION AND EFFECT OF NOTICE.

A purchaser of land from an administrator, after suit was brought against the administrator to try title and notice of the pendency thereof filed, was chargeable with notice of the title of the plaintiff in such suit, although the suit was not filed until after the county court ordered the sale by the administrator, and although the purchaser was not made a party thereto until after his purchase.

[Ed. Note.—For other cases, see Lis Pendens, Cent. Dig. §§ 38–40, 42–46; Dec. Dig. § 24.*]

3. JUDGMENT (§ 252*)—CONFORMITY TO PLEADINGS.

In trespass to try title against an administrator, where, pending the suit, the administrator sold the land and the purchaser was made a party thereto, the court, under the prayer for general relief, could cancel the administrator's deed upon finding that the administrator had no title.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 441, 442; Dec. Dig. § 252.*]

4. APPEAL AND ERROR (§ 742*)—BRIEFS—STATEMENTS UNDER ASSIGNMENTS.

An assignment not accompanied by a statement, but merely by a reference to the statement of facts, will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

5. APPEAL AND ERROR (§ 742*)—BRIEFS—STATEMENTS UNDER ASSIGNMENTS.

It is not permissible to refer to the transcript for matters which should appear in the statement under the assignment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

6. TENDER (§ 25*)—JUDGMENT—CONFORMITY TO PLEADINGS.

In trespass to try title, where plaintiff offered to pay into court the amount due on a note if the deed of trust by which it was secured should be found to be a lien, the court did not err in permitting such payment into court without any tender by plaintiff previous to the suit.

[Ed. Note.—For other cases, see Tender, Cent. Dig. §§ 78, 82–87; Dec. Dig. § 25.*]

7. APPEAL AND ERROR (§ 1043*)—HARMLESS ERROR.

A judgment in trespass to try title permitting plaintiff to pay into court for the owner of a note secured by a deed of trust the amount due on the note, although there had been no previous tender, was not shown to have injured a party who did not show that he was the owner of the note.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4115–4121; Dec. Dig. § 1043.*]

8. TRESPASS TO TRY TITLE (§ 50*)—COSTS.

In trespass to try title against an administrator, where a purchaser from the administrator pending the suit was brought in as a defendant, the court did not err in refusing to adjudge all of the costs against the successful plaintiff.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 80, 81; Dec. Dig. § 50.*]

9. APPEAL AND ERROR (§ 733*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

An assignment of error that the judgment was contrary to the law and the evidence, and that judgment should have been rendered for appellant, was too general to require consideration.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3025–3027; Dec. Dig. § 733.*]

Appeal from District Court, Bexar County; Claude V. Birkhead, Judge.

Action by Catherine Wiest against H. S. Groesbeck, administrator of William Swain Hadley, deceased, W. H. F. Moss, and others. From a judgment for plaintiff, the defendants named appeal. Affirmed.

C. M. Chambers, of San Antonio, for appellants.

MOURSUND, J. This is an action in trespass to try title, filed August 3, 1911, by appellee against H. S. Groesbeck, administrator of the estate of William Swain Hadley, deceased, to recover lot 1, block 41, city of San Antonio; the petition, in addition to the usual allegations, containing the averment that said administrator had procured an order from the county court authorizing him to sell said lot as a portion of Hadley's estate, and was offering the same for sale, wherefore she prayed for an injunction restraining said administrator from selling the lot pending the suit. Groesbeck, on September 11, 1911, filed his answer consisting of a general exception, plea of not guilty, and special plea that a deed from Wm. S. Hadley to plaintiff, dated July 6, 1908, purporting to convey the property sued for, was obtained by fraud, deceit, and duress, and without paying any consideration therefor. On November 22, 1911, plaintiff filed her amended petition, joining F. E. Johnson, John H. Benson, and W. H. F. Moss, as additional parties defendant, alleging the purchase by Moss, from Groesbeck, administrator, of the property sued for during pendency of the suit, although his pendens notice had been filed and duly recorded, and that Johnson, as trustee, and Benson, as beneficiary, were claiming some interest in the property sued for by virtue of a deed of trust executed by Wm. Swain Hadley, dated January 8, 1906, but that the William Swain Hadley, under whom said parties claimed, did not own any interest in the property at the time of the execution of the deed of trust. Said parties were notified to produce the note and deed of trust at the trial, and, in the event the court should find the deed of trust to be a lien upon the property, plaintiff tendered into court the amount due on the note and prayed that the court require the parties to execute a release of the deed of trust and deliver the note to plaintiff, payment of which was secured by said deed of trust.

Defendant Moss filed a plea of not guilty, alleged his purchase of the lot from Groesbeck, administrator, and prayed for judgment for said lot, and in the alternative in the following language: "In the event that the court should hold that he is not the owner in fee simple of property described in plaintiff's petition, then in that event that he have judgment against all the defendants herein and plaintiff foreclosing his lien on property described in deed of trust herein filed, and that any other liens may be given be done subject to the lien of the defendant herein, and for costs of suit, etc. Said lien in deed of trust having been purchased by him from H. S. Groesbeck, administrator of estate W. S. Hadley, deceased, who held lien on property described in plaintiff's petition, or rather if deed from Groesbeck be held void, that he is entitled to lien on said land, as held by John H. Ben-

son." He further pleaded that plaintiff had notice of the advertisement by Groesbeck, administrator, of the sale of the property, and failed to appear and set forth her claim, wherefore she is estopped from claiming any interest in the property, and further that the deed under which she claims was obtained by fraud, duress, threats, and without consideration.

Johnson and Benson filed a plea of not guilty, alleged that Benson held a note against William Swain Hadley for $200 secured by deed of trust upon the premises sued for; that said claim was duly and legally proven up in the county court of Bexar county, Tex., and the property sold by the administrator; that, if such sale be held void, then that they have judgment for the amount of the note, interest, and attorney's fees, and for foreclosure of their lien upon said premises; and that plaintiff be decreed to hold said property subject to the rights and interests of these defendants or W. H. F. Moss, who succeeded to their rights.

The court rendered judgment that plaintiff recover of defendant Moss the premises sued for, and that the deed from Groesbeck, administrator, to Moss be held for naught; that all of the defendants take nothing; that plaintiff pay into court $296.49 for the benefit of the owner and holder of the $200 note payable to Benson, and secured by deed of trust, and, plaintiff having made such payment into court, it was decreed that the note be canceled and the deed of trust released and held for naught; that all rents collected by defendants, or either of them, be paid to plaintiff; and finally that plaintiff recover all costs, except those incurred by Johnson, Benson, and Groesbeck after the filing of their disclaimers, the same being taxed against plaintiff. Groesbeck and Moss appealed from said judgment. No disclaimers appear in the record.

[1] The first assignment of error is based upon the ruling of the court in admitting in evidence the deed from William Swain Hadley to plaintiff, dated July 6, 1908, filed for record November 30, 1910, conveying the lot in controversy. This deed was not admissible as a recorded instrument, even after it was admitted that the person whose name is signed to the certificate of acknowledgment was a notary public at the date of the certificate, but such deed was made admissible by evidence subsequently introduced, whereby its execution was proved. The execution of an instrument may be proved by circumstantial evidence or by admissions. Jones on Evidence, § 526; Clapp v. Engledow, 82 Tex. 297, 18 S. W. 146; Bounds v. Little, 75 Tex. 317, 12 S. W. 1109; Brewer v. Cochran, 45 Tex. Civ. App. 179, 99 S. W. 1033; Jante v. Culbreth, 101 S. W. 279. There were no subscribing witnesses to the deed. E. D. Henry testified that he wrote the deed; that he delivered same to Cather-

ine Wiest, and saw the consideration passed from her to William Swain Hadley; that he requested the notary public to take the acknowledgment of William Swain Hadley, and said acknowledgment was taken in his presence. We consider this testimony sufficient to prove the execution of the deed. The assignment of error is overruled.

[2] The second assignment reads as follows: "Because court erred in not rendering judgment for appellant W. H. F. Moss, as deed of trust, under which said property was sold, was filed for record the 29th day of January, 1907, and deed to Catherine Wiest was not filed for record or given in till the 6th day of July, 1908, and, if deed to Catherine Wiest was valid, she held said property subject to deed of trust, and W. H. F. Moss, having purchased said property, received good and valid title thereto." No proposition is submitted, but it is contended that the assignment constitutes a proposition. It is difficult to tell whether the contention is that Moss purchased at a sale made under the deed of trust, or whether it is only contended that plaintiff purchased subject to the deed of trust. The sale under which Moss claims was made by the administrator of Hadley under order of court to satisfy claims, one of which was secured by the deed of trust. Lis pendes notice of this suit was on file when Moss bought. He was chargeable with notice of plaintiff's title.

[3] There is no merit in the third assignment. The deed to Moss being only for the lot in controversy, the court, under the prayer for general relief, could cancel such deed upon holding that it conveyed no title.

[4] The fourth assignment will not be considered, as no statement accompanies the same, but merely a reference to the statement of facts.

The fifth assignment reads as follows: "Because court erred in rendering a judgment for appellee as no suit was filed in this cause until after court had ordered sale of said property, and appellant W. H. F. Moss was not made a party until after he had purchased said property." It is apparent that this assignment is without merit.

[5-8] The sixth assignment reads as follows: "Because the court erred in rendering judgment for appellee, as no plea of tender was made in pleadings of appellee, and appellee should have been compelled to pay all costs." No proposition is submitted under this assignment, and the assignment appears to embrace two propositions: One that the court erred in rendering judgment for appellee, because no plea of tender was made in the pleadings; the other that appellee should have been adjudged to pay all costs. The statement shows that complaint is sought to be made because the court permitted plaintiff to pay into court the amount due on the note secured by deed of trust, although he had not pleaded such tender,

while under "remarks" it is asserted that a person cannot be held liable for costs under a plea of tender never made until after judgment was rendered. A reference to the transcript for matters which should appear in the statement is not permissible. This assignment is not briefed so as to require consideration, but an examination of the record discloses no error. Plaintiff in her pleadings tendered the money due on the note, provided the deed of trust was found to be a lien on the lot. The court found it was a lien, but did not find who was the owner of the note; nor is there any evidence in the statement of facts from which the ownership can be determined. In the absence of evidence of ownership by Moss of the note, he shows no injury by any judgment the court may have entered with respect to the note. The proposition that plaintiff should pay all costs cannot be sustained.

[9] The seventh assignment reads as follows: "Because the judgment of the court was contrary to the law and the evidence, and judgment should have been rendered for appellants herein." This assignment will not be considered because too general. City of San Antonio v. Alamo Nat. Bank, 52 Tex. Civ. App. 561, 114 S. W. 909.

Judgment affirmed.