### GALVESTON COUNTY DRAINAGE DIST. NO. 3 et al. v. FOSTER.

(Circuit Court of Appeals, Fifth Circuit.  November 21, 1922.)

No. 3839.

1. **Courts ⬥324—Failure to allege citizenship of party, so as to give federal court jurisdiction, cured by his dismissal from the suit.**

   Failure to allege citizenship of certain defendants is cured by dismissal as to such defendants before trial.

2. **Courts ⬥324—Allegations of citizenship taken as true, unless put in issue by pleadings.**

   Allegations of citizenship in a petition are taken as true, unless put in issue by the pleadings.

3. **Courts ⬥324—Allegations of citizenship not put in issue by general denial.**

   Under the statutes of Texas governing pleading, a general denial does not put in issue allegations of citizenship showing jurisdiction in a federal court, which can only be done by a plea in abatement, under which the burden of proof is on defendant.

4. **Pleading ⬥291 (2)—Defenses in action on bonds of drainage district cut off by production thereof, in absence of sworn plea denying execution.**

   Under Rev. St. Tex. art. 2598, in action on bonds of a drainage district, their production, accompanied by a duly certified copy of the opinion of the Attorney General as to their validity, in the absence of a sworn plea denying their execution, cuts off all defenses on the ground of invalidity, except those of forgery or fraud.

5. **Drains ⬥18—Production of bonds of drainage district, payable to bearer, prima facie evidence of ownership.**

   In an action on bonds of a drainage district, possession and production of the bonds, payable to bearer, is prima facie evidence of their ownership by plaintiff.

---

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**6. Drains** ⬅️18—**Certified copy of Attorney General as to validity of bonds competent evidence.**

Under Rev. St. Tex. arts. 2598, 3696, a copy of the opinion of the Attorney General as to the validity of bonds of a drainage district, duly certified by the comptroller general, is competent evidence of their validity in an action on such bonds.

**7. Interest** ⬅️38(2)—**Judgment on bonds held to properly include interest at stipulated rate to date, and to bear interest thereafter at statutory rate.**

A judgment on drainage district bonds *held* to properly include interest at the stipulated rate, and to bear interest thereafter at the higher statutory rate, under Rev. St. Tex. art. 4981.

In Error to the District Court of the United States for the Southern District of Texas; J. C. Hutcheson, Judge.

Action at law by Albert V. Foster against the Galveston County Drainage District No. 3 and others. Judgment for plaintiff, and defendants bring error. Affirmed.

Albert J. De Lange, of Houston, Tex. (C. H. Theobald, Co. Atty., and Maco Stewart, both of Galveston, Tex., and Clarence Milheiser, of Houston, Tex., on the brief), for plaintiffs in error.

H. M. Garwood, of Houston, Tex. (Baker, Botts, Parker & Garwood and Homer L. Bruce, all of Houston, Tex., on the brief), for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. Foster, alleging himself to be a citizen of Ohio, brought suit in the United States District Court for the Southern District of Texas against the Galveston County Drainage District No. 3, of Galveston county, Tex., alleging it to be a corporation of the state of Texas and a citizen of said state, against Galveston county, Tex., as a corporation and citizen of said state, and against several individuals, who are alleged to be residents of Texas. In said suit he sought to recover $6,000, besides interest, on certain bonds of which he claimed to be the owner and holder, and also averred that the individual defendants, who were officers of said drainage district and of said county, would not levy a tax to pay said judgment when rendered, and asked a writ of mandamus to compel such levy of a tax and the payment therefrom of said bonds, averring that the Legislature of Texas had authorized a tax to be levied to pay said bonds and that they could not be otherwise collected.

The defendant drainage district and said county filed a number of pleas in abatement, attacking the jurisdiction of the court. None of the matters therein set up need be stated, as no error on the rulings therein is insisted on in the brief or argument. By consent of the parties the action for mandamus was severed from the action for judgment on the bonds and docketed as a separate suit.

On exceptions by the defendants, the court ruled that no defendant was liable on said bonds, except said drainage district, and the plaintiff then and there dismissed said action as to all of the other defendants. The case on the bonds was submitted to the court for trial without a jury. The plaintiff introduced in evidence the bonds sued on,

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

which were payable to bearer, a copy of the opinion of the Attorney General of Texas certifying to the validity of said bonds, recited on each bond to be filed with the comptroller general, said copy being certified by the comptroller general to be a correct copy of the opinion so on file with him, and a certificate of the county treasurer of Galveston county that said bonds had been delivered to the lawful purchaser thereof and the proceeds of the sale, not less than par and accrued interest, paid into the county treasury. This was the entire evidence.

The court overruled a motion of the defendant drainage district for judgment, and rendered judgment in favor of the plaintiff against said drainage district alone for the principal of said bonds, with interest from their maturity at 5 per cent. to date of judgment, to wit, $6,449.19, with interest on said amount from date of judgment at 6 per cent. per annum. The defendants bring this writ of error.

[1] 1. The failure to allege the citizenship of the defendant individuals was entirely cured by the dismissal of all such parties, except the drainage district, from the suit to recover on the bonds. When the action for mandamus was by consent severed from the suit to recover on the bonds, the cause stood as if originally brought alone to recover on the bonds. If the individual county officers had been necessary parties, a failure to allege citizenship could have been cured by amendment at any stage of the proceedings, even in this court. 38 Stat. 956, U. S. Comp. St. § 1251c; Thronateeska Pecan Co. v. Matthews (C. C. A.) 277 Fed. 361, 365. Clearly, when the court ruled that they were not properly defendants to a suit on the bonds and the plaintiff dismissed them from the action, the defect of allegation as to their citizenship was removed from the case.

[2] 2. That the plaintiff offered no proof as to the allegations of citizenship of the plaintiff himself, or of the drainage district, constitutes no ground of error. It is conceded that the allegations of the citizenship of these parties in the petition were sufficient to show jurisdiction in the United States court. Where such allegations are made, they are to be taken as true, unless a plea putting them properly at issue is presented. Sheppard v. Graves, 14 How. 505, 14 L. Ed. 518; Hartog v. Memory, 116 U. S. 588, 6 Sup. Ct. 521, 29 L. Ed. 725. No such plea was presented here. A plea in abatement, challenging the jurisdiction of the court on several grounds, was filed; but no allegation was made questioning the citizenship of the parties to the cause as stated in the petition.

[3] It is asserted here, however, that the general denial of all the allegations of the petition, under the practice in Texas, puts in issue the averments of citizenship showing the jurisdiction of the United States District Court. We do not so construe the statutes or decisions of that state, so far as they have been called to our attention, or have been discovered by our investigation. Pleas to the jurisdiction are recognized and required in Texas. The statute provides:

"Pleas to the jurisdiction, pleas in abatement, and other dilatory pleas and demurrers, not involving the merits of the case, shall be determined at the term of court in which they are filed, if the business of the court will permit." Rev. Stat. art. 1910.

The following pleas, among others, must be sworn to and are not embraced in the general denial: That the plaintiff has not the legal capacity to sue; that the plaintiff is not entitled to recover in the capacity in which he sues; pendency of another suit; denial of a partnership alleged; that a corporation, alleged to be duly incorporated, is not so incorporated; that an instrument sued on is not properly executed, or is without consideration. Rev. Stat. Tex. art. 1906.

Where the jurisdiction of the court is challenged because of the residence of the defendant, the allegations of the petition are taken as prima facie true, and the burden of disproving them rests on the defendant. Robertson v. Ephraim, 18 Tex. 118, 125. When the petition shows a case within the jurisdiction of the court, the issue cannot be presented, but by a plea in abatement, in which the burden of proof is on the defendant. Hoffman v. Cleburne Bldg. & Loan Ass'n, 85 Tex. 409, 410, 22 S. W. 154; Graham v. McCarty, 69 Tex. 323, 7 S. W. 342. The cases holding that the necessary citizenship must appear by the allegations of the declaration or petition are entirely outside of the question of the presumption arising where such averments have been duly made.·

[4] 3. There being no sworn plea challenging the execution of the instruments, their production, accompanied by a duly certified copy of the opinion of the Attorney General as to their validity, cut off all defenses on the ground of invalidity, except those of forgery or fraud. Rev. Stat. Tex. art. 2598; City of Tyler v. Tyler Bldg. & Loan Ass'n, 99 Tex. 6, 86 S. W. 750. It was further proved that they had been sold to the original purchaser for at least par and accrued interest, which had been paid into the county treasury.

[5] 4. As to the objection that no proof of ownership of the bonds by plaintiff was made, no such objection was made to the admission of the bonds, no proof on the subject was offered by the defendant, and, the bonds being payable to bearer, their possession by plaintiff and their production in evidence by him were sufficient proof of his ownership. Johnson v. Mitchell, 50 Tex. 212, 32 Am. Rep. 602.

[6] 5. The original opinion of the Attorney General was required to be preserved by the comptroller general as an archive of his office. Rev. Stat. art. 2598. He was the proper officer to certify to the copy thereof. Rev. Stat. art. 3696. On a suit on the bonds, the duly certified copy of such opinion was made evidence of their validity. Rev. Stat. art. 2598.

[7] 6. The judgment in this case correctly included interest from the maturities of the several bonds at 5 per cent. per annum. Judgment was correctly entered for the aggregate amount of principal and interest. Coles v. Kelsey, 13 Tex. 75; Miner v. Paris Exchange Bank, 53 Tex. 559; Llano Improvement & Furnace Co. v. Watkins, 4 Tex. Civ. App. 428, 23 S. W. 612. Such judgment, being one calling for a less rate of interest than the rate specified by statute to be paid on judgments, was properly directed to carry the statutory rate. Rev. Stat. art. 4981; Sheldon v. Martin (Tex. Sup.) 8 S. W. 61; City of San Antonio v. Alamo Nat. Bank, 52 Tex. Civ. App. 561, 114 S. W. 909.

We find no error in the judgment complained of, and it is affirmed.