### J. D. McCORMICK v. ANSON RAINEY ET AL.

No. 1790. Decided January 29, 1908.

**Pleading—Assignment—Denial Under Oath—Cases Distinguished.**

Refusing leave to file petition for a mandamus to require the Court of Civil Appeals to certify a question on account of conflict in decisions, it is held that the ruling of that court herein was not in conflict with the decision in Carpenter v. Historical Pub. Co., 24 S. W. Rep., 685. The present ruling was that the cause of action declared on, a judgment obtained against a decedent and approved as a claim against his estate and assigned in writing, being duly pleaded, the assignment was admissible in evidence without proof of its exe-

cution where such assignment was not denied under oath, (Rev. Stats. art. 313) the decision in Carpenter v. Pub. Co., holding otherwise as to a written assignment of an open account.   (Pp. 321, 322.)

Motion in the Supreme Court for leave to file a petition by McCormick for writ of mandamus requiring the Court of Civil Appeals to certify a question on the ground of conflict in decisions.

*Camden, Starling & Carden* and *G. H. Irish,* for petitioner.

Mr. Chief Justice Gaines delivered the opinion of the court.

This is a motion to file a petition for the writ of mandamus to compel the justices of the Court of Civil Appeals of the Fifth Supreme Judicial District to certify for the decision of this court a question recently decided by that court in the case of J. D. McCormick against The National Bank of Commerce et al.   The ground of the application is that the decision of the question in the case cited is in conflict with a decision of the Court of Civil Appeals for the Fourth Supreme Judicial District in the case of Carpenter against Historical Publishing Co. (24 S. W. Rep., 685).

In the instant case Elizabeth Crowley intervened in the suit and among other things alleged, that one Roe had obtained a judgment against her husband in his lifetime, and since his decease had presented the claim duly authenticated to his executor, and that it was allowed by him and approved by the County Court; that said claim had been assigned and delivered to her by said Roe for a valuable consideration.   The assignment was duly acknowledged.   Upon the trial when she offered the assignment in evidence counsel for plaintiff objected on the ground that the assignment was not proved, but it was admitted over the objection. Upon appeal the Court of Civil Appeals for the Sixth Supreme Judicial District disposed of the question as follows:   "But appellant contends that the trial court erred in permitting the assignment of the Roe judgment or claim to be introduced in evidence, without proof of the execution of such assignment.   In this action of the court we think there was no error.   Appellee specifically pleaded the assignment of the claim to her and her ownership thereof, and there was no plea of *non est factum* or denial thereof by appellant under oath.   This, we think, in view of such pleading and the statute, was necessary to put appellee upon proof of the execution of the assignment.   The assignment was not such an instrument as is authorized by statute to be acknowledged, and we agree to the contention that the acknowledgment of Roe before a notary public of the assignment constituted no proof of its execution.   We hold, however, that the assignment having been pleaded by appellee, and appellant not having denied its execution under oath, she was not required to make proof of its execution in order to establish its admissibility in evidence." In Carpenter v. The Historical Publishing Co., the Court of Civil Appeals for the Fourth District merely holds that in an action

on an open account, which had been assigned in writing and the assignment pleaded, it was necessary to prove the assignment as at common law, notwithstanding it had not been denied under oath; in other words, the court held that article 313 of the Revised Statutes does not apply to an open account.

Counsel for relator insist in argument, that, with respect to the statute cited, there can be no difference between an allowed and approved claim and an open account; but in this we do not concur. There are reasons to be alleged why "an allowed and approved claim" may be "a written instrument" within the meaning of the statute which can not apply to an open account. Indeed it is a serious question whether the decision relied upon to show a conflict and the decision of the present case are not both correct. In McDonough v. Tutt (31 Texas, 199), it was held that an allowed and approved claim against an estate was a written instrument within the meaning of the law.

We see no decided conflict between the case of Carpenter v. The Historical Publishing Co. and the present case, and therefore the motion to file the petition is overruled.