## COMMONWEALTH NAT. BANK v. HAWES. (No. 7624.)

(Court of Civil Appeals of Texas. Dallas. May 26, 1917. Rehearing Denied June 23, 1917.)

1. BANKS AND BANKING ⬅148(2)—PAYMENT OF CHECK—DUTY OF BANK.

Plaintiff, by issuing his check, cast upon his bank the duty to pay the amount to the payee, or, if indorsed by the payee, the duty of ascertaining the genuineness of his indorsement, unless plaintiff knew, when the check was issued, that the payee was a fictitious person, in which case payment to any holder of the check was authorized.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 438, 440, 441, 452.]

2. PLEADING ⬅291(2)—VERIFICATION — NON EST FACTUM—STATUTE.

In suit against plaintiff's bank to recover money paid by the bank to a third person on forged indorsement of a check for the amount drawn by plaintiff, where plaintiff did not file an affidavit charging that the indorsement was a forgery, the genuineness of the indorsement on the check was not required to be assumed; Vernon's Sayles' Ann. Civ. St. 1914, art. 588, providing that, whenever the assignee or indorsee of any written instrument shall sue thereon, the assignment or indorsement shall be regarded as fully proved, unless the defendant shall tender sworn plea of non est factum, being without application, as it has reference to instruments or obligations emanating from the party sought to be charged.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 864.]

Appeal from Dallas County Court; T. A. Work, Judge.

Suit by J. W. Hawes against the Commonwealth National Bank. From a judgment for plaintiff, defendant appeals. Affirmed.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Leake & Henry, of Dallas, for appellant. Lively & Groggans, and W. M. Jones, all of Dallas, for appellee.

RASBURY, J. This appeal is from a judgment in favor of appellee for $250 in a suit wherein it was alleged that appellant paid to another upon a forged indorsement a check for said amount drawn by appellee in favor of M. F. Robertson against a fund on deposit with appellant. The pleadings support all issues presented on appeal and for that reason will not be detailed.

The essential facts deducible from the evidence developed at trial are these: Appellee agreed with Joe Weil to advance $250 to one M. F. Robertson, who Weil represented to appellee desired to borrow $500 on good security, and whom appellee believed to be a real person, on condition that Weil would advance the remaining one-half. For that purpose the appellee drew a check on appellant bank, where he had money deposited, in favor of M. F. Robertson, and delivered it to Joe Weil to be in turn delivered to Robertson. After the check was delivered to Weil he exhibited to appellee a note for $550, signed "M. F. Robertson," together with another note ostensibly secured by some character of real estate lien and supposed to be in collateral security of the $550 Robertson note. Weil retained both notes and placed them in his private vault. The check was paid by appellant, and when returned to appellee was indorsed "M. F. Robertson" and "Joe Weil." When the Robertson note, which was not in possession of appellee, was due, appellee set about to find Robertson, with the result that it developed that Robertson was a fictitious person, and that the only Robertson who had ever owned the land by which payment of the note was secured was a Mrs. M. F. Robertson, who died long prior to the transaction between appellee and Weil. Upon discovery that Robertson was a fictitious person appellee notified the bank. It does not appear to whom the bank paid the money, since it introduced no testimoney on that issue or concerning Robertson's indorsement, but we assume from the order of the indorsements on the check it was paid to Weil, who was not accounted for at trial. Appellee relied upon and was deceived by Weil's representations that Robertson was a real person and that the notes and security were genuine. They were forgeries.

By the first assignment of error it is urged that the judgment is erroneous on the ground, in substance, that it appears without controversy in the testimony that what appellee intended by the issuance of his check was accomplished, that is to say, that what Weil represented to be a real person and a genuine obligation, while in the one case fictitious and in the other a forgery, was what appellee bargained for and got, since he relied upon Weil in the matter, and in which deceit appellant did not participate. It is correct to say that the appellee did rely on the statements of Weil concerning the genuineness of the note purporting to be executed by Robertson and its security, and that appellant did not participate in the deceit in reference thereto. Appellant's liability, however, does not depend upon appellee's reliance upon the statements of Weil or upon the fact that Weil deceived him.

[1] Regardless of the verity of such claims appellee, by the issuance of his check, cast upon appellant the duty of paying the amount thereof to the payee, Robertson, or, if indorsed by Robertson, the duty of ascertaining the genuineness of Robertson's indorsement, unless, of course, appellee, the drawer, knew at the time the check was issued that the payee was a fictitious person, in which case payment to any holder of the check would be authorized. Guaranty State Bank & Trust Co. v. Lively, 149 S. W. 211. In the case cited the Supreme Court granted the writ of error, but in an opinion rendered during the current month affirmed the holding of the Court of Civil Appeals. The rule stated was announced in the case cited upon facts substantially similar to those in the present case, for which reason we deem it unnecessary to further discuss the issue.

[2] The remaining assignment asserts that the genuineness of the indorsement upon appellee's check should have been assumed, since it appears from the record that appellee did not file in the suit an affidavit charging that such indorsement was a forgery. The contention is based upon the provisions of article 588, Vernon's Sayles' Civil Stats., which provides, in substance, that whenever the assignee or indorsee of any written instrument shall sue thereon, the assignment or indorsement thereof shall be regarded as fully proved unless the defendant shall, in effect, tender sworn plea of non est factum. It is clear, we believe, that the statute invoked is without application in this proceeding. Obviously it has reference to instruments or obligations emanating from the party sought to be charged. Further, this suit is not upon any instrument or obligation assignable by indorsement under the general law merchant as controlled by our statutory provisions, but is in true analysis a proceeding in tort arising upon the negligence of appellant.

Finding no reversible error in the record, the judgment is affirmed.