HOUSTON OIL CO. OF TEXAS v. MILLER.
(No. 154.)

(Court of Civil Appeals of Texas. Beaumont.
May 30, 1917. Rehearing Denied
June 13, 1917.)

1. APPEAL AND ERROR ⟨key⟩882(8)—WHO MAY
ALLEGE ERROR — ADMISSIBILITY OF EVI-
DENCE.

Appellant cannot complain that recitals in
a surveyor's field notes were erroneously ad-
mitted, where he read such field notes in evi-
dence, and did not object to the testimony when
it was offered.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. § 3592.]

2. APPEAL AND ERROR ⟨key⟩843(2)—NECESSITY
OF DECISION.

In trespass to try title, where appellee es-
tablishes record title, it is unnecessary to con-
sider his claim of title by adverse possession.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. § 3331.]

Appeal from District Court, San Augus-
tine County; A. E. Davis, Judge.

Trespass to try title by J. H. Miller
against the Houston Oil Company of Texas.
Judgment for plaintiff, and defendant ap-
peals. Affirmed.

Parker & Kennerly and Fred L. Williams,
all of Houston, and H. O. Head, of Sher-
man, for appellant. Denman & Thomas, of
Lufkin, and John F. McLaurin, of San Au-
gustine, for appellee.

DAVIS, J. This is a suit in trespass to
try title, brought by appellee, J. H. Miller,
against the appellant, Houston Oil Company
of Texas, and in which suit, the plaintiff
pleaded the three, five, and ten year stat-
utes of limitation, and sued to recover the
Green Lane 160-acre pre-emption, located in
San Augustine county.

The main question involved in the case is
the true location of the Green Lane 160-acre
pre-emption, owned by appellee, and the true
location of the Gulf, Colorado & Santa Fé
section No. 1, owned by appellant; the conten-
tion of appellant being that an extension of
the south boundary line of the Gulf, Colora-
do & Santa Fé section No. 1, east of the
Francis Hill west line, is the true south
boundary line of the Green Lane 160-acre
pre-emption survey, and an extension of the
most eastern line of the Gulf, Colorado &
Santa Fé section No. 1 south forms the true
east boundary line of the Green Lane, and
that the west boundary line of the Francis
Hill survey forms the most eastern bound-
ary line of Gulf, Colorado & Santa Fé section
No. 1, and the east boundary line of the
Green Lane survey. Opposed to this, the ap-
pellee contends that the Green Lane 160-acre
pre-emption, as originally located on the
ground by the surveyor Roberts in 1855,
lacks about 300 varas of reaching the Fran-
cis Hill survey on the east, and about 300 or
400 varas of reaching the extension of the
south boundary line of the Gulf, Colorado &

Santa Fé section No. 1 on the south. The
following plat will assist in showing more
clearly the contentions of the parties:

Corners marked "X" mark the location of
the Green Lane survey, as claimed by ap-
pellee; and corners marked "O" mark the
location of the Green Lane survey, as claim-
ed by appellant. It will be noticed that the
north line of the Green Lane survey, as
claimed by appellant, runs through both
fields of appellee, and through his house;
there being a little more improvement north
of this line than south of it.

The Gulf, Colorado & Santa Fé section No.
1 is a 640-acre survey, and was patented on
May 16, 1882. This patent calls to begin
at the northwest corner of the Francis Hill
survey, and then calls to run south, 1,420
varas to the northeast corner of a survey of
160 acres made for Green Lane, and at this
point calls for a stake, and a red oak, mark-
ed X, bearing south 10 degrees east 9 varas;
thence west with said Lane's north boundary
line 950 varas to his northwest corner on
two pines, both marked X; thence south
with some 950 varas to his southwest cor-
ner on A. D. Bateman's north boundary line,
a post oak marked X bears east 3 varas.

From this much of the description in this
patent to the Gulf, Colorado & Santa Fé sec-
tion No. 1 it is plain that at the time of its
issuance it was believed and understood that
the Gulf, Colorado & Santa Fé section No.
1 and the Green Lane 160-acre pre-emption
joined the Francis Hill survey on the west
and the Bateman survey on the south.

From a careful examination of the record,
however, we find that the evidence clearly
shows that there are three lines running
north and south, east of the Gulf, Colorado
& Santa Fé section No. 1, the most westerly
of these three lines being, as shown by a
preponderance of the testimony, the east
boundary line of the Gulf, Colorado & Santa
Fé section No. 1, as actually run on the
ground by the surveyor, though the survey-
or, mistaking this line for the west line of
the Francis Hill survey, erroneously called
the beginning corner of the Gulf, Colorado &
Santa Fé section No. 1 the northwest corner
of the Francis Hill.

Since 1892, when the Green Lane survey

was patented, the state issued a patent to C. C. Goodwin to the strip of land lying east of the Gulf, Colorado & Santa Fé section No. 1, and the Green Lane survey, between these surveys and the Francis Hill survey, and that strip of land lying south of the Green Lane survey between the Green Lane survey and the Bateman survey.

We also think, and the jury so found, that the true location of the Green Lane survey is where appellee claims that it is. The evidence on this question is of some length, a recital of which we do not think necessary for a proper disposal of this case.

[1] It is well established by the evidence that the Green Lane survey was originally made and located on the ground, where appellee contends that it is, and where Whitton, the surveyor who ran out and made a resurvey of the Green Lane survey on June 9, 1890, locates it, and made the field notes contained in the patent issued on February 13, 1892. Whitton recites in these field notes that the resurvey, as made by him, of the Green Lane survey, is "the same as surveyed June 11, 1855." While this statement in the field notes made by the surveyor Whitton may not have been admissible, we do not think appellant is in a position to complain; as appellant read in evidence the field notes of the Green Lane survey as made by Whitton, which field notes contained the very statement now complained of by appellant as being inadmissible, and which field notes were read in evidence by appellant without exception, objection, or reservation. Appellee also introduced in evidence the patent to the Green Lane survey, which contained this statement, and no objection was made to the admissibility of this statement by appellant at that time.

The evidence abundantly supports the finding of the jury to the effect that the Green Lane pre-emption is located as contended by appellee, and that the Roberts survey or location of the Green Lane survey in 1855 and the Whitton resurvey of the Green Lane survey in 1890 are identical, and the Green Lane survey was originally located on the ground as the field notes contained in the patent place it, by both of said surveyors, and that the Gulf, Colorado & Santa Fé section No. 1 is fixed and determined by this location on the ground of the Green Lane survey.

[2] This holding dispenses with the necessity of discussing the questions of limitation presented.

The evidence shows clearly that a short time after the Green Lane survey was run out by the surveyor Roberts in 1855 Green Lane went upon his survey at the point disclosed in the plat, and that he and those claiming through or under him for all these years have lived upon the land and claimed same to the boundaries now claimed by appellee down to the trial.

There being no reversible error pointed out, we are of the opinion that the case should be affirmed; and it is so ordered.

Affirmed.