## AMERICAN SURETY CO. v. CAMP.
### (No. 1934.)

(Court of Civil Appeals of Texas. Texarkana. March 19, 1918. On Appellant's Motions for Rehearing and for Additional Findings, April 11, 1918.)

1. APPEAL AND ERROR ⬥1043(7)—HARMLESS ERROR—DENIAL OF CONTINUANCE.

Where plaintiff, in an action against a contractor and a surety company, based on nonperformance of building contract, amends complaint so as to recover liquidated damages, the denial of a continuance on ground of surprise on account of the amendment, if error, was harmless, where judgment was not predicated on such claim.

2. CONTINUANCE ⬥26(3)—ABSENCE OF WITNESS—DILIGENCE.

In an action against contractor and surety for nonperformance of contract, a motion for continuance by surety company, because contractor was not present at trial to testify con-

tract had been complied with, was properly overruled, where surety company had exercised no diligence to procure his attendance as a witness.

3. EVIDENCE ⟨⟩158(26) — BEST EVIDENCE — COMPETENT EVIDENCE.

In an action against a surety company on an indemnity bond, originally executed by another company, but reinsured by defendant company, a letter, written by surety company, stating that it had reinsured bond, although not the best evidence of the assumption of the obligation, was competent evidence thereof.

4. APPEAL AND ERROR ⟨⟩1169(4)—REVERSAL —ADMISSION OF EVIDENCE.

In an action against a surety company on a bond, reinsured by defendant, and indemnifying plaintiff against nonperformance of a contract, the admission of a letter from plaintiff, notifying original company of nonperformance, and the admission of the reply thereto, informing plaintiff of reinsurance, if error, was not ground for reversal.

5. EVIDENCE ⟨⟩370(2)—DOCUMENTARY EVIDENCE—PRELIMINARY PROOF.

In an action against a surety company on an indemnity bond, reinsured by defendant, recognition by defendant of the existence of the contract rendered such bond admissible in evidence, without preliminary proof of execution.

On Appellant's Motions for Rehearing and for Additional Findings.

6. PRINCIPAL AND SURETY ⟨⟩69—TERMINATION OF LIABILITY.

Where a surety bond, conditioned that a contractor would perform a building contract, stipulated that the bond should terminate and become void on August 1, 1914, such stipulation does not preclude obligee from recovering on the bond for nonperformance, though all of the work of another contractor in doing the work had not been finished, and all payments to such contractor had not been made, at such date.

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by T. L. Camp against the American Surety Company and another. Judgment for plaintiff, and defendant named appeals. Affirmed.

June 28, 1913, one Nichols agreed (in writing), at his own charge for labor and material necessary, to so waterproof the basement of a certain building in Dallas belonging to appellee "as to make same absolutely dry." He was to complete the work by July 12, 1913, and pay appellee $15 a day as liquidated damages for every day the work remained incomplete after that date. To indemnify appellee against loss in the event he should fail to comply with his undertaking, Nichols on June 30, 1913, made appellee a bond, with the Title Guaranty & Surety Company of Scranton, Pa., as surety, in the sum of $978 (which was the amount appellee was to pay him for the work), conditioned that he (Nichols) would "perform all things required of him by said contract and in all things faithfully and honestly comply with and fulfill all the terms and conditions of said contract." The work as done by Nichols was accepted as in compliance with his undertaking and was paid for by appellee as provided in the contract. Afterwards, in October or

November, 1913, it developed that the effort of Nichols to make the basement dry as he had agreed to do was ineffective. Nichols endeavored to cure the defects in his work, which permitted water to seep into the basement, but failed, finally, in May or June, 1914, admitting he could not make it dry as he had agreed to do. Appellee then employed one Arendt to furnish the material and do the work necessary to made the basement dry, paying him therefor the sum of $1,046. By a letter dated May 13, 1914, appellee notified the Title Guaranty & Surety Company of Nichols' failure to comply with his contract, performance of which it had guaranteed by the bond mentioned above. That company replied May 18, 1914, that "the case has been reinsured by the American Surety Company (appellant) and we are referring your letter to Mr. J. W. Mason, vice president of that company, for attention." May 22, 1914, appellant wrote appellee as follows:

"Your favor of the 13th inst., addressed to the Title Guaranty & Surety Company, has been referred by that company to us for attention. The Title Guaranty & Surety Company is retiring from the surety business, and the above bond executed by the Title Company has been reinsured by this company."

As originally brought by appellee by a petition filed May 26, 1915, this suit was to recover of Nichols the $1,046 paid by appellee to Arendt for doing the work Nichols had agreed to do, and $96.22 expense appellee incurred in repairing defects in the elevators in the building, due, he alleged, to water seeping into the basement, and to recover of appellant $978, the amount of the bond it had assumed for the Title Guaranty & Surety Company. By an amended petition filed July 7, 1916, appellee alleged that Nichols failed to complete the work he undertook by July 12, 1913, as he had agreed to do, and, in the alternative, sought a recovery against Nichols of $15 a day for each day thereafter the work remained incomplete, as the liquidated damages stipulated for in the contract. The recovery sought against appellant in the amended petition was the same as that sought in the original petition, to wit, $978, the amount of the bond. The trial was before the court without a jury, and resulted in a judgment in appellee's favor against Nichols for $1,046, and against appellant for $978. The appeal is by appellant alone.

Adams & Stennis, of Dallas, for appellant. C. M. Smithdeal, of Dallas, for appellee.

WILLSON, C. J. (after stating the facts as above). [1, 2] The assignments based on the action of the court in overruling appellant's motion for a continuance of the cause are overruled. The grounds of the motion were: (1) Surprise because of the claim, made for the first time in the amended petition, of a right in appellee to recover of Nichols as liquidated damages $15 a day for each day after July

12, 1913, the work of making the basement dry remained incomplete; and (2) the absence from the court of Nichols, who, appellant alleged, had promised to be present, and who, had he been present, would have testified, appellant alleged, that the fact that the basement was not dry was not due to a failure on his part to comply with his undertaking, but to "alterations and changes and openings made in the basement" by appellee or his tenants. The record makes it clear enough that the court did not find anything in appellee's favor on account of delay in completing the work Nichols undertook, but predicated his judgment on a finding that appellee was damaged in the amount, to wit, $1,046, he had to pay Arendt to do the work Nichols engaged, but failed, to do. That being true, had the court erred in overruling the motion on that ground, the error would appear to be harmless. As to the other ground of the motion, it does not appear, from the bill of exceptions or otherwise, that any diligence whatever was used to procure the testimony of Nichols. Mayer v. Duke, 72 Tex. 445, 10 S. W. 565.

[3, 4] Appellant objected to the admission in evidence of the letters referred to in the statement above. The grounds of the objections were: To appellee's letter of May 13th to the Title Guaranty & Surety Company, that it was not the original, but a carbon copy; to the reply of the Guaranty & Surety Company to that letter, that it "had not been properly proved"; and to the reply of appellant to the letter, that it was "not the best evidence of the contract entered into between the parties." In the letter last referred to appellant in effect admitted that it had assumed the obligation the Title Guaranty & Surety Company incurred when it executed the bond. If the admission was not the best evidence of the fact that appellant had assumed the obligation, it was nevertheless competent evidence thereof. If it was error (17 Cyc. 411) to admit either of the other letters in evidence, it was not such error as entitled appellant to a reversal of the judgment.

[5] It is insisted that the court erred when he admitted the bond in evidence over appellant's objection that its execution by the Title Guaranty & Surety Company had not been proven. Appellant testified that Capt. J. E.

Lucy, appellant's general manager for Texas, admitted to him that appellant had assumed the Title Guaranty & Surety Company's contract with appellee, and negotiated with him as to the loss he claimed he had suffered by the breach of the contract by Nichols. A like admission was contained in appellant's letter of May 22d referred to above. As the bond objected to was the only contract existing between the Title Guaranty & Surety Company and appellee, we think the admissions were referable to it, and authorized a finding, as against appellant, that the Title Guaranty & Surety Company executed the bond as alleged in appellee's petition.

Other objections are urged to the judgment, but we think they also are not tenable.

The judgment is affirmed.

### On Appellant's Motions for Rehearing and for Additional Findings.

[6] The contention, made when the record was first before us, that the judgment was excessive, is vigorously renewed in the motions. The contention was and is based on a stipulation in the bond that it should "terminate," quoting, "on the 1st day of August, 1914, on which date this bond shall become null and void," and on testimony showing that part of the work done by Arendt in making the basement dry as Nichols had agreed to make it was done after August 1, 1914, and that part of the sum paid him by appellee for doing such work was paid to him after that date. We did not think that was a reason why appellee should not recover as he did, and do not yet think so. What Nichols undertook to do, and appellant guaranteed he would do, was to furnish the material and do the work necessary to be done to make the basement dry and to keep it so for a period of one year. Nichols having failed to do that, appellee was entitled to recover of him the sum it was reasonably necessary to expend to have it done, to wit, $1,046, as shown by the testimony, without reference to whether the work was done and the expenditure made before August 1, 1914, or not, and was entitled to recover of appellant the $978 it bound itself to pay in the event of such failure on Nichols' part.

The motions are overruled.