SADIE C. ABEEL, INDEPENDENT EXECUTRIX V. CHARLES B. WEIL.

No. 4557.   Decided May 12, 1926.

(283 S. W., 769).

1.—Written Instrument—Proof of Execution—Signature.

Testimony of a witness that he believed the signature to a material written instrument to be genuine is insufficient to support its introduction in evidence in the absence of proof that he saw it signed or that he was familiar with the signature of the person.   (Pp. 494, 503).

2.—Same—Trial by Court—Evidence—Harmless Error.

In a trial by the court without jury the admission of a written instrument without proof of execution warranting its introduction became harmless error, where there was other evidence of facts and circumstances sufficient to establish its execution.   The appellate court could consider the entire evidence contained in the record in order to determine whether its admission constituted ground for reversal.   See such evidence held to cure any error in permitting its original introduction.   (Pp. 503, 504).

3.—Evidence—Statute—Assignment.

Under Article 588, Rev. Stats., 1911 (573, Rev. Stats. ,1925), where plaintiff asserted his rights by virtue of a written assignment of a lease contract, specifically pleaded and made. the basis of his claim, it was not necessary for him to prove the execution thereof where such fact was not put in issue by defendant's sworn denial.   And this though the defendant was not the assignor, nor the latter a party to the suit.   McCormick v. Rainey, 101 Texas, 320, followed.   Schauer & Co. v. Beitel, 92 Texas, 601, and other cases, distinguished.   (Pp. 504, 505).

4.—Evidence—Foreign Charter—Certified Copy.

The certificate of the Secretary of a sister state as to correctness of copy of charter from his records filed for the purpose of incorporation and the regularity of its authentication held properly admitted in evidence, but not sufficient to constitute prima facie proof of the lawful creation of such corporation, the corporation laws of the state not being proven and the certificate showing the procedure there for incorporation to differ from that of Texas, excluding any presumption that they were the same.   (Pp. 505-508).

5.—Same—Foreign Law—Proof.

The laws of a sister state must be proven—and how proven in order to show that proceedings taken thereunder chartered a corporation.   (P. 505).

6.—Same.

The records of a sister state can not be given the effect attached to them by its laws in the absence of proof of those laws.   (P. 506).

7.—Proof of Incorporation.

Parol evidence, introduced without objection, that a corporation was created under the laws of California, including testimony of the party

sought to be made liable thereby that it was so incorporated, is held sufficient, in connection with documentary evidence, to support a finding that it was so incorporated, though the incorporation laws of the state were not proved. An erroneous conclusion that the documentary evidence prima facie showed such incorporation was thereby rendered harmless. (Pp. 505-508).

Questions certified from the Court of Civil Appeals for the Tenth District in an appeal from McLennan County.

The Supreme Court referred the questions to the Commission of Appeals, Section B, for their opinion thereon, and here adopts same and directs it to be certified as the answer of the court.

*J. D. Williamson,* and *Sleeper, Boynton & Kendall,* for appellant.

The faith and credit due an authenticated copy of a non-judicial record of another State, under Section 906, of the U. S. Revised Statutes, depends on laws and usages of that State, and this requires proof of its laws and usages, as judicial notice will not be taken of them; and since plaintiff failed to introduce the laws of California, authorizing the registration of a copy of the articles of incorporation of the Pathfinder Motor Car Co. in the office of the Secretary of State, the copy of the Charter of said corporation produced in evidence by plaintiff was not admissible and did not show due incorporation thereof. 14 C. J., Title Corporations, Section 179; 7 R. C., L. Title Corporations, Section 78; 12 R. C. L., Title, Foreign Corporations, Section 78; Alabama Bank v. Simonton, 2 Texas, 531; Holloway v. E. P. R. R. Co., 23 Texas, 465; Newsom v. Langford, 174 S. W., 1036; Wilcox v. Bergman, 5 L. R. A. (N. S.) 938, Note 975; Welland Canal Co. v. Hathaway, 24 Am. Dec. 59; Milwaukee Gold Extraction Co. v. Gordon, 95 Pac. 995.

A witness is incompetent to testify to his belief of the signature of another to a contract unless he first qualifies by showing that he is acquainted with the handwriting of such other by having seen him write or in some other legal mode. Greenleaf on Evidence, 577; Handley v. Gandy, 28 Texas, 211; Mapes v. Leal, 27 Texas, 345; Haun v. State, 13 Texas App., 383; Haney v. State, 2 Texas App., 168.

When plaintiff claims ownership of a lease by written assignment from another and bases his cause of action on his ownership of such lease as against defendant who was not a party to the lease or the assignment thereof, such assignment of the lease is not admissible in evidence until the execution thereof by plaintiff's assignor is duly proven by competent evidence. Car-

penter v. Historical Publishing Co., 24 S. W., 685; Standifer v. Bond Hdw. Co., 94 S. W., 145; Bruce v. Strawn Coal Mining Co., 59 S. W., 52.

*Witt, Terrell & Witt,* and *George W. Barcus,* for appellee.

In a collateral attack on the existence of a corporation, evidence of granting a charter is *prima facie* proof of incorporation; and a certified copy of such charter by the Secretary of State is *prima facie* proof of a legal corporation. 14 C. J., Title Corporations, Secs. 170, 171; Art. 1131, Revised Civil Statutes of Texas; Sec. 906 U. S. Revised Statutes; People's Assn. v. Chambers, 545 S. W., 247; Ill. Assn. v. Dodson, 189 S. W., 992, 54 S. W., 247.

Dealings by the stockholder who is sought to be held liable for the debts of a corporation with it as a corporation, make proof of its corporate existence unnecessary. Thompson on Corporations, Vol. 1, Par. 290; 7 R. C. L., Title Corporations, Sec. 83; 12 R. C. L., Foreign Corporations, Par. 78.

Admissions of defendant in pleadings and otherwise of the corporate existence of the corporation involved, make proof of its corporate existence unnecessary. 14 C. J., Title Corporations, Sec. 171; 1 R. C. L. Title Admissions, Sec. 35; Talbot & Sons v. Planters Oil Co., 33 S. W., 745.

Persons who become stockholders of an association purporting to be a corporation, can not deny its corporate existence in order to escape statutory liability for its debts. 7 R. C. L., Title Corporations, Sec. 396; 14 C. J., Title Corporations, Sec. 261; Thompson on Corporations, Vol. 5, Sec. 5183; Art. 1138 Revised Civil Statutes of Texas.

All objections to the introduction in evidence of the certified copy of the charter of the Pathfinder Motor Car Company were waived by defendant by her failure to object to the introduction of other proof of the incorporation of said company, and its introduction, if error, was harmless. G. H. & S. A. Ry. v. Udalle, 91 S. W., 330; Russell v. Deutschman, 100 S. W., 1164; Larkin v. Trammel, 105 S. W., 552; Hill v. Houser, 115 S. W., 112; Houston C. Pub. Co. v. Quinn, 184 S. W., 669; Houston Oil Co. v. Miller, 196 S. W., 189; Wortham Bag Co. v. Houston Bag Co., 230 S. W., 1055.

It was not necessary to prove the execution of the assignment of the lease because plaintiff in the suit brings the same as assignee of such lease and there was no denial of same under oath

by the opposite party. Art. 588, Revised Civil Statutes of Texas; McCormick v. Rainey, 107 S. W., 45; Grounds v. Sloan, 11 S. W., 898.

MR. JUDGE SHORT delivered the opinion of the Commission of Appeals, Section B.

This case has reached the Supreme Court through the medium of certified questions voluntarily presented by the Court of Civil Appeals of the Tenth Judicial District, the certificate being as follows:

"This suit was instituted by Chas. B. Weil against Alfred Abeel to recover a personal judgment in the sum of $3,537.00, with interest. Alfred Abeel died and his executrix and sole devisee, Mrs. Sadie C. Abeel, was made the defendant in his stead, both in her individual and in her representative capacities. The parties will be designated as they appeared in the trial court. Plaintiff alleged that one Gustave Lachman had theretofore by written contract leased to the Pathfinder Motor Car Company, a corporation duly incorporated under the laws of the state of California, certain real property situated in the city of San Francisco in said state; that plaintiff shortly thereafter purchased said property and that said lease was transferred to him by written assignment; that the sum sued for was due as unpaid rental under said lease; that said corporation had forfeited its charter and was insolvent and wholly without assets; that under the Constitution and laws of the state of California, each stockholder in such corporation was liable to the respective creditors thereof in the proportion that the stock held by him bore to the entire capital stock of said corporation; that at the time said lease contract was made said Alfred Abeel owned 198 of a total of 404 shares of stock issued by said corporation, and that he shortly thereafter purchased 200 additional shares of such stock, and held all the same continuously thereafter. Plaintiff also alleged the death of Alfred Abeel, the probate of his will appointing the defendant sole executrix and making her sole devisee of his entire estate. Plaintiff also described certain tracts of land situated in Waco, Texas, and alleged that said tracts of land were a part of the estate of said testator and that they were held and owned by defendant under said will as devisee therein. Plaintiff prayed for judgment establishing his demand as a just claim against the estate of Alfred Abeel, deceased, and for recovery against defendant as executrix of said will and also

in her individual capacity, and for foreclosure of lien on the property described, and for sale of such property to satisfy such judgment.

"Defendant answered in her individual capacity. Said answer contained, among other pleas, a general denial and a plea that the estate of Alfred Abeel, deceased, had been fully administered and the property thereof distributed and that she did not have in her hands as executrix thereof any property belonging thereto at the time she was made a party to this suit. There was a trial before the court and judgment in favor of plaintiff establishing his demand in the sum of $2,274.63, with interest from date of judgment, as a just claim against the estate of Alfred Abeel, deceased, and awarding him a recovery for said sum against defendant in her capacity as independent executrix, and a judgment foreclosing a lien upon the property described in plaintiff's petition. The judgment of foreclosure was general, without distinguishing between the rights of defendant as independent executrix and her individual rights as sole devisee.

"Plaintiff, on the trial of the case, for the purpose of proving the execution of said Lachman of said lease contract, offered in evidence from the deposition of his witness I. N. Johnson an interrogatory and the answer of said witness thereto as follows:

" 'Q.    Is the signature attached to said contract Gustave Lachman's signature?

" 'A.    Yes, I believe it is.'

"Defendant objected to said answer on the ground that 'said witness had not testified that he knew Gustave Lachman or was familiar with his signature or that he had ever seen him write or that he saw him sign the purported lease.' The court overruled the objection and admitted said answer in evidence. Predicated solely on said answer as proof of the execution of said lease contract by said Lachman, plaintiff offered said contract in evidence. Defendant objected to its introduction on the ground that 'the signature of Gustave Lachman thereto had not been proved nor had the execution of said instrument been properly proved.' Said objection was overruled and the lease contract admitted in evidence.

"This court sustained appellant's assignments complaining of the admission of the testimony of said witness and the admission of the lease contract thereon, and reversed the judgment of the trial court and remanded the cause. For the convenience

and information of the court, we quote from our opinion in the case as follows:

" 'Plaintiff declared on said lease contract as the basis of his right to the rentals sued for and his right to recover of defendant's testator or his estate as a stockholder in the Pathfinder Motor Car Company, the grantee therein. Proof of said lease was an essential part of plaintiff's case. Neither of the parties to this suit were parties to said lease. Before plaintiff was entitled to have such lease contract admitted in evidence in this case, it was necessary to prove its execution by both parties thereto, according to the rules of common law. 22 C. J., p. 929-930, Sec. 1138; Lignoski v. Crooker, 86 Texas, 324, 328; Betterton v. Echols, 85 Texas, 212, 214; Morris & Co. v. Southern Shoe Co., 44 Texas Civ. App., 488, 99 S. W., 178, 179; Peterson v. Martinez & Bros., 78 S. W., 401; Sanger v. Jesse French Piano & Organ Co., 21 Texas Civ. App., 523, 52 S. W., 621; Walker v. T. & N. O. R. Co., 51 Texas Civ. App., 391, 112 S. W., 430, 432-3.

" 'The interrogatory under consideration inquired whether the signature appended to said lease was the genuine signature of said Lachman. Had the witness seen said Lachman sign said lease, he would have known that such signature was genuine and would doubtless have so answered. He did not so answer, but stated, in effect, that in his opinion such signature was genuine. Before a witness is qualified, or in other words, competent to testify to his opinion or belief that a particular signature presented to him is the genuine signature of another, such witness must be acquainted with the signature or handwriting of such other person. Such acquaintance is not presumed, but must be shown by evidence. Mapes v. Leal's Heirs, 27 Texas, 346, 348-9; Hanley v. Gandy, 28 Texas, 211, 213-14; Haynie v. State, 2 Texas App., 168, 171; 1 Wigmore on Evidence, p. 1109, Sec. 693, and p. 1054, Sec. 654; 11 R. C. L., p. 620, Sec. 41; 1st Greenleaf on Evidence, 577; 22 C. J., Sec. 1161, p. 943, and authorities cited in Note 43. The burden of showing that the witness is qualified or competent is on the party offering his testimony. 1 Wigmore on Evidence, p. 1054, Sec. 654. * * *

" 'The testimony offered and admitted failed to show that said witness was acquainted with the signature or handwriting of said Lachman and his opinion or belief as to that matter was incompetent, and the court erred in admitting it in evidence. Since the testimony so improperly admitted was the only proof of

the execution by Lachman of the lease contract, it follows that the court erred in admitting the same in evidence.'

"Plaintiff has filed a motion for rehearing. He does not in said motion attack the propositions of law on which the case was decided by the court, but he insists most strenuously that we erred in reversing and remanding the cause on account of the admission of the lease contract in evidence. The principal contention urged by him is that there is in the record in this case evidence of sufficient facts and circumstances to show prima facie that said Lachman did execute the identical lease contract so admitted in evidence, and to meet the requirements of the law as to preliminary proof of execution as a predicate for the admission of said contract in evidence.

"The said lease is copied at length in the statement of facts and we here make the same a part of this certificate. Said witness Johnson testified to the due execution of said contract by the Pathfinder Motor Car Company and to his signing the bond or agreement shown at the bottom thereof. Except as shown by such testimony and by the face of said instrument, all the facts and circumstances relied on by plaintiff to show the execution thereof by said Lachman were introduced in evidence after the same had been admitted by the court on the testimony of said witness as above set out. None of such testimony is shown to have been offered on the issue of the execution of said instrument by said Lachman, and there is nothing in the record to show that the court considered such testimony in that connection. One of the Justices of this court was formerly of counsel in this case and did not participate in the consideration or disposition of the same. The other two members of the court are of the opinion that there are facts and circumstances in the evidence, considering the same as a whole, exclusive of the testimony of said witness with reference to the purported signature of Lachman to said lease, tending to show that he did sign the same and act thereon, of sufficient probative force to have justified the trial court, in the exercise of his discretion, in holding that the requirements of the law as to preliminary proof of execution of said lease as a predicate for the admission thereof in evidence had been met. We do not agree, however, that said facts and circumstances are of sufficient probative force to establish the execution of said lease contract by Lachman as a matter of law. We therefore deem it proper to submit for your determination the following questions:

"FIRST QUESTION.

"Where a written instrument material to a proper determination of the issues in a case has been admitted in evidence on specific but insufficient proof of execution, may the Court of Civil Appeals look to the entire evidence in the case and determine therefrom for itself whether the trial court, in the exercise of his discretion, would have been justified in admitting the same in evidence on the ground that there was circumstantial proof of execution of such probative force as to meet the requirements of law as to preliminary proof thereof, or whether the trial court would have been justified, in the exercise of his discretion, in overruling a motion to exclude such instrument from the evidence before the case was determined by the court or submitted to a jury?

"SECOND QUESTION.

"If the Court of Civil Appeals should determine that the trial court, on a consideration of the evidence as a whole, would have been justified in admitting such written instrument in evidence on such ground, or in refusing to exclude the same from the evidence on such ground, should the Court of Civil Appeals overrule an assignment complaining of the admission of such written instrument in evidence on such insufficient proof of execution and refuse to reverse the case thereon on the ground that such action of the court constituted harmless error, notwithstanding no such issue was considered or passed upon by the trial court, and notwithstanding the trial court might in the exercise of his discretion have refused to admit such instrument in evidence? ·

"Defendant presented in her brief other assignments which she insisted required a reversal of the judgment of the trial court. Several of such assignments complain of the admission of evidence. We did not pass upon the same in our original opinion because the judgment of the trial court was reversed and the cause remanded for another trial, and the objections urged to such evidence could be met by additional proof. Should it be held that the case should not be reversed on account of the admission in evidence of the lease contract, these assignments should be considered and acted upon. Even if the case is finally reversed, action on said assignments might prevent another reversal.

"There was indorsed upon the back of the lease contract in-

troduced in evidence a written assignment of the same to appellee Chas. B. Weil. This assignment purported to be signed by said Lachman. It was not acknowledged. There was no attempt to prove that the signature thereto was genuine. Appellant objected to the introduction of said assignment in evidence because there was no proof of the handwriting of the man who signed the same and no proof whatever of the execution of the same. The court overruled said objection and admitted the assignment in evidence without proof of execution. Appellant submits in this connection the following proposition:

" 'When plaintiff claims ownership of a lease by written assignment from another and bases his cause of action on his ownership of such lease as against defendant, who was not a party to the lease or the assignment thereof, such assignment of the lease is not admissible in evidence until the execution thereof by plaintiff's assignor is duly proven by competent evidence.'

"Appellee contends that said assignment was admissible without proof of execution, under and by virtue of the terms of Article 588 of the Revised Statutes of 1911. Said article read as follows:

" 'When a suit shall be instituted by an assignee or indorsee of any written instrument, the assignment or indorsement thereof shall be regarded as fully proved unless the defendant shall deny in his plea that the same is genuine, and moreover, shall file with the papers in the cause an affidavit stating that he has good cause to believe and verily does believe that such assignment or indorsement is forged.'

"Our Supreme Court, in Schauer & Co. v. Beitel's Executor, 92 Texas, 601, 603, said, in substance, that said article prescribed the proceeding by which the title of an assignee or indorsee might be put in issue by the maker when sued upon a written instrument. The Court of Civil Appeals for the Fourth District, in Carpenter v. Historical Publishing Co., 24 S. W., 685, 686, in discussing this article of the statute, said in substance that it applied only to written instruments emanating from the defendants, and that only with respect to such instruments was proof of an assignment or indorsement dispensed with. The Court of Civil Appeals for the Fifth District, in the case of Commonwealth Nat. Bank v. Hawes, 196 S. W., 859, 860, in discussing this article, said:

" 'It is clear, we believe, that the statute invoked was without application in this proceeding. Obviously it has reference to

instruments or obligations emanating from the party sought to be charged.'

"The Court of Civil Appeals for the Fifth District, however, in the case of McCormick v. National Bank of Commerce, 106 S. W., 747, 750, held that a written assignment indorsed on an approved claim against the estate of a decedent, such claim being based on a judgment recovered against said decedent in his lifetime, was admissible in evidence under and by virtue of said article without proof of execution. The Supreme Court, in McCormick v. Rainey, 101 Texas, 320, 322, held that there was no decided conflict between Carpenter v. Historical Publishing Co., supra, and McCormick v. National Bank of Commerce, supra, and in addition to so holding, said:

" 'Indeed, it is a serious question whether the decision relied upon to show a conflict and the decision of the present case are not both correct.'

"In view of this state of the authorities, we deem it expedient to certify for your determination the following question:

## "THIRD QUESTION.

"Was the purported assignment of said lease contract from Lachman to appellee admissible in evidence in this case under and by virtue of the provisions of said article, without any proof of its execution by said Lachman?

"Plaintiff, for the purpose of proving the due incorporation of the Pathfinder Motor Car Company, offered in evidence a certified copy of articles of incorporation. Said certified copy and the several certificates thereto are made a part hereof. These articles of incorporation purport to have been duly acknowledged by the incorporators before a Notary Public. Immediately following the acknowledgement of said articles by said incorporators appears the following:

" 'STATE OF CALIFORNIA,

COUNTY OF LOS ANGELES.          ss. No. 14134

" 'I, H. J. Lelande, County Clerk and ex-Officio Clerk of the Superior Court, do hereby certify the foregoing to be a full, true and correct copy of the original Articles of Incorporation of PATHFINDER MOTOR CAR COMPANY on file in my office and that I have carefully compared the same with the original.

" 'In Witness Whereof, I have hereunto set my hand and affixed the seal of the Superior Court this 19th day of April, 1912.                    " 'H. J. LELANDE, *County Clerk.*

(SEAL.)                    " 'BY C. C. CRIPPEN, *Deputy Clerk.*

" 'Endorsed: Filed Apr. 19, 1912.

" 'H. J. Lelande, Clerk. By C. C. Crippen, Deputy.

" 'Endorsed: Filed in the Office of the Secretary of State the 20th day of April, A. D. 1912. Frank C. Jordan, Secretary of State; by Frank H. Cory, Deputy. Record Book 282, page 152.'

"There was attached to and preceding said purported articles of incorporation the following additional certificate:

" 'STATE OF CALIFORNIA, DEPARTMENT OF STATE.

" 'I, FRANK C. JORDAN, Secretary of State of the State of California, do hereby certify that I have carefully compared the annexed copy of Articles of Incorporation of

PATHFINDER MOTOR CAR COMPANY

with the certified copy of the original now on file in my office, and that the same is a correct transcript therefrom, and of the whole thereof. I further certify that this authentication is in due form and by the proper officer.

" 'In witness whereof, I have hereunto set my hand and have caused the Great Seal of the State of California to be affixed hereto this 21st day of November, A. D., 1916.

" 'FRANK C. JORDAN, *Secretary of State.*
" 'FRANK H. CORY, *Deputy.*
" '(Great Seal of the
State of California.)'

"In connection therewith, plaintiff offered in evidence from the deposition of Frank C. Jordan, Secretary of State, the following interrogatory and answer thereto:

" 'If in answer to the preceding interrogatory you have stated that there is such a record (that is a record showing the names of various corporations organized under the laws of California that have permits or that have had permits to do business in California), then state whether or not there was a corporation in California with a permit to do business by the name of Pathfinder Motor Car Co., and if you say there was such, please attach to your answer hereto a certified copy of said corporation, together with the certificate showing when said charter was filed in your office and a certificate showing the condition of said corporation as to payment of its franchise fees up to the first of August, 1915.'

"*Answer:* 'Such record shows that a corporation by the name of Pathfinder Motor Car Company once had what might be called

a permit to do business in California and a certified copy of the Articles of Incorporation of this corporation and a certificate as to its incorporation and a forfeiture of its charter, follows.'

"To the introduction of said answer of the witness and said purported articles of incorporation and certificates thereto, defendant objected on the following grounds:

" '(1) Such evidence was immaterial in this case for any purpose whatsoever.    (2) The Articles do not show the regular formation of a corporation under the laws of California as to the formation of corporations, and was not plead or proven in this case.    (3) The execution of the Charter was not proven. (4) The Certificate of the County Clerk of the Superior Court of Los Angeles, California, was not attested in due form so as to make a certified copy of the paper in his office admissible in evidence in this court and the law of California is not plead or proven so as to show that that certified copy as purported to have been made by the County Clerk was duly filed or was to be duly filed in the office of the Secretary of State of the State of California. (5) The law of California has not been plead or proven so as to show that Charters are to be filed in the office of the Secretary of State or that such paper was properly filed therein.    (6) The attempted and purported certified copy or Certificate of the Secretary of State of California was not certified in the form and manner prescribed by the laws of the United States in that the purported Certificate is by the Deputy and not by the Secretary of State and there is no evidence that the Deputy Secretary of State was the custodian of the Great Seal of California.    (7) It is not proven here that the Great Seal of California is affixed to the Articles and the Certificate of the Deputy Secretary of State is not evidence of such fact, he not being the person authorized to make such Certificate under the laws of the United States, also that it is not plead or proven what the laws of California are in relation to the formation of corporations or that those laws were complied with in the formation of the Pathfinder Motor Car Company, and that it had corporate existence by virtue of any Charter granted by the State of California, and there is no evidence that any charter was ever granted by the State of California to said corporation, and further because the certified copy attached as a part of the witness' answer and offered only purported to be a certified copy made by one H. G. Lelande and that said certified copy of a certified copy is not admissible in evidence from a foreign State, but the original or best evidence should be produced.'

"Said objections were all overruled and the answer of the witness and purported articles of incorporation and certificates thereto attached were admitted in evidence.

"Defendant presents the action of the court in overruling her objections to said evidence for review by this court by three separate propositions, which we copy in full as follows:

"'(1)   In order for plaintiff, as a creditor of a California corporation, to recover in a suit in this state against a resident of this state, as a stockholder of such corporation, under the laws of California making stockholders liable for the debts of such corporation, it is necessary for the plaintiff to prove that the corporation was organized under the laws of California, which can only be done by proof of the laws of that state authorizing the creation of such corporation and the charter or articles of incorporation, and since plaintiff failed to produce in evidence the laws of the State of California authorizing the creation of the corporation, and failed to produce any competent evidence of the articles of incorporation, judgment should not have been rendered for plaintiff.

"'(2)   In order to prove that the Pathfinder Motor Car Company was a corporation, duly incorporated under the laws of California, it was necessary for plaintiff to produce in evidence the laws of the State of California authorizing the organization of such a corporation.

"'(3) The faith and credit due an authenticated copy of a non-judicial record of another state, under Section 906 of the U. S. Revised Statutes, depends on laws and usages of that state, and this requires proof of its laws and usages, as judicial notice will not be taken of them; and since plaintiff failed to introduce the laws of California, authorizing the registration of a copy of the articles of incorporation of the Pathfinder Motor Car Company in the office of the Secretary of State, the copy of the charter of said corporation produced in evidence by plaintiff was not admissible and did not show due incorporation thereof.'

"We find in the record no proof of any law or laws of the State of California authorizing the formation of corporations generally, nor the formation of corporations for the purposes set out in the purported articles of incorporation of the Pathfinder Motor Car Company, nor prescribing the procedure for forming a corporation. Neither do we find in the record proof of any law authorizing the filing of articles of incorporation when executed by the incorporators, in the office of the County Clerk of a County in said State, nor authorizing the filing or registration of

a copy of the articles of incorporation so filed, certified to by the County Clerk, in the office of the Secretary of State, as was done in this case.

"We deem it expedient in this connection to certify for your determination the following questions:

### "FOURTH QUESTION.

"Did the trial court err in admitting in evidence the testimony of the witness Frank C. Jordan, Secretary of State, above recited, and in admitting in connection therewith the purported articles of incorporation with the certificates attached thereto?

### "FIFTH QUESTION.

"If not, did the same constitute prima facie proof of the creation of said corporation under the provisions of Article 1131, Revised Statutes of 1911?

"Plaintiff contends that in suits against stockholders of corporations purporting to have been organized under the laws of the State of California and doing business therein, proof of corporate existence was unnecessary, and that at any rate, the issue of incorporation was a collateral one and proof of incorporation might be made by parol, and that the requirements of the law were met in this case by the testimony of Alfred Abeel, whose deposition was taken in his lifetime, and who testified that he was a stockholder and director in the Pathfinder Motor Car Company, and by his further testimony that he was connected with the Pathfinder Motor Car Company, a corporation in California. We therefore deem it advisable to certify for your determination the following question:

### "SIXTH QUESTION.

"Was parol evidence of the incorporation of the Pathfinder Motor Car Company admissible in this case, and could the corporate character of the Pathfinder Motor Car Company, for the purposes of this case, be proved by parol evidence alone?

Answering the first question stated in the certificate, and referring to that portion of the opinion of the Court of Civil Appeals quoted in the certificate, we approve said opinion insofar as it relates to said question. However, since the case was tried to the court without the intervention of a jury, and since the instrument was before the court when it was offered in evidence together with certain facts and circumstances having a tendency to establish the execution of the instrument, it may have been

that the trial judge after hearing all the evidence would have been justified in concluding that these facts and circumstances were sufficient to establish the execution of the lease by Gustave Lachman, and the technical error in permitting the introduction of the contract in evidence without proof of its execution other than by the facts and circumstances constituted harmless error. The authorities are quite uniform that the execution of a written instrument may be established by circumstances, and a reading of the statement of facts in this case has convinced us that the plaintiff produced ample circumstantial evidence that Lachman executed the contract of lease.     Moreover, the lessee accepted the lease and went into possession of the property, used it, and paid for the use to the original lessor, as well as to the assignee. We think these circumstances sufficient to show that Lachman executed the lease contract, and the error in admitting the instrument was harmless.     Merrill v. Bradley, 52 Texas Civ. App., 527, 121 S. W., 561; Groesbeck et al. v. Wiest, 157 S. W., 258; International Harvester Company of America v. Campbell, 43 Texas Civ. App, 421, 96 S. W., 93; Brewer v. Cochran, 45 Texas Civ. App., 179, 99 S. W., 1033; American Surety Co. v. Camp. 202 S. W., 798; Clark v. Turk, 50 S. W., 1070.

In view of what we have said in answering the first question, it is not necessary to answer the second question.

The third question involves the construction of Article 573, Revised Statutes of 1925, which was Article 588 of the Revised Statutes of 1911, which has been quoted in the certificate.     In his petition the plaintiff specifically pleaded the assignment of the claim to himself and his ownership thereof, and there was no plea of non est factum or denial thereof by the defendant under oath.     In McCormick v. Rainey, 101 Texas, 320, 107 S. W., 45, Chief Justice Gaines, in a case where the pleadings presented a similar situation, construing the Article mentioned, said:

"We hold, however, that the assignment having been pleaded by appellee, and appellant not having denied its execution under oath, she was not required to make proof of its execution in order to establish its admissibility in evidence."

In that case the assignment of a claim against an intestate which had been duly authenticated and approved by the probate court was offered in evidence, and though the assignment was duly acknowledged by the assignor, it was held that it was not such an instrument as is authorized by statute to be acknowledged and that the acknowledgment before a Notary Public of the assignment constituted no proof of its execution.     But, the

assignment was held to be admissible on the ground that the party had specifically pleaded it, together with her ownership thereof, and there having been no plea of non est factum under oath filed, the assignment was held to be admissible and to prove itself without additional evidence of its having been executed.  So, in this case the plaintiff having alleged specifically the assignment of the lease to himself and his ownership thereof, in the absence of a sworn plea of non est factum, the instrument was admissible without further proof of execution under the terms of the statute.  We think the distinction to be made in arriving at the true construction of the Article mentioned is to determine whether the instrument offered in evidence constituted the basis of the plaintiff's claim, as for instance a promissory note, or a bond, or a contract to perform certain services.  If the instrument offered constituted such basis, an assignee of the original party would be entitled to offer the instrument without proof of its execution under this article.  Upon the contrary, if the instrument offered did not constitute the basis of the claim sued upon, but its proper office was to prove some material fact necessary to establish the claim, the statute would not apply and the execution of the instrument would have to be proved before it could be legally introduced in evidence.  Schauer & Co. v. Beitel, Executor, 92 Texas, 601, 50 S. W., 931.  We therefore think that the third question should be answered in the affirmative.

Referring to the fourth question, it is our opinion that the trial court did not err in admitting in evidence the testimony of the witness, Frank C. Jordan, Secretary of State.  It is true that the regular way to have proven the existence of any law of the State of California authorizing the formation of corporations generally and especially the formation of corporations for the purposes set out in the purported Articles of Incorporation of the Pathfinder Motor Car Company and describing the procedure for forming corporations would have been to introduce authenticated copies of such laws.  This course would have obviated the necessity of introducing any other testimony on that subject, but in the absence of such authenticated copies, the same facts might be proven by circumstantial evidence, especially in view of the fact that the laws of another State must be presumed to be similar to our own when not otherwise proven.  Green v. Rugely, 23 Texas, 544; Tempel v. Dodge, 89 Texas, 71; Burgess v. Western Union Telegraph Co., 92 Texas, 127, 71 Am. St., 883, 46 S. W., 794.  According to the laws of

Texas, the Secretary of State is authorized to receive, file and record charters of all private corporations upon satisfactory evidence of compliance with the law regulating the organization of such corporations and the payment of fees and franchise tax. Since the statutes of another State are not within the court's judicial knowledge, they must be proven as are other foreign laws. Jones v. Laney, 2 Texas, 348; Anderson v. Anderson, 23 Texas, 641; Randall v. Burtis, 57 Texas, 362. We think in view of the similarity of the laws of Texas with the apparent provisions of the law of California with reference to the authentication of private corporations, in the absence of authenticated copies of the laws themselves, the testimony of the Secretary of State of the State of California had some probative force under the facts in this case as to whether the Pathfinder Motor Car Company was a duly organized corporation under the laws of California, notwithstanding the fact that it further appears that, unlike our laws, those of the State of California would seem to require as a prerequisite to the filing in the office of the Secretary of State that a full, true and correct copy of the original Articles of Incorporation must be filed in the office of the County Clerk and Ex-officio Clerk of the Superior Court of some county. Had not this particular requirement been proven by the plaintiff, under the rule that the laws of another State must be presumed to be similar to our own when not shown to be otherwise, the certificate of the Secretary of State of the State of California appended to the Articles of Incorporation of the Pathfinder Motor Car Company, accompanied by the Great Seal of the State of California, duly filed in the case would have been sufficient to have proven the corporate existence of said company under the laws of the State of California as alleged in the petition. Gill v. Everman, 94 Texas, 209, 59 S. W., 531. Clearly the testimony on this subject offered in evidence by the plaintiff shows a difference between the laws of the two States on this subject and prevented the trial court from presuming that the laws of California and of Texas are the same. The courts in admitting in evidence copies of records of a sister State duly authenticated cannot give effect to the records accorded to them by the laws of the sister State, unless the laws are proved, for the courts cannot judicially know the legal effect of the records in the sister State. Newsom v. Langford, 174 S. W., 1036.

While we think that the court did not err in admitting the evidence under discussion for the reason as heretofore stated

that we think it had some probative effect tending to establish a material fact necessary for the plaintiff to recover, we do not think that this particular testimony constituted prima facie proof of the creation of the Pathfinder Motor Car Company as a private corporation under the provisions of the article of our Revised Statutes mentioned in question five of the certificate, for the reason that under the provisions of said article the charter of a private corporation must be filed in the office of the Secretary of State by the incorporators themselves, and this officer is required to record the same at length in a book to be kept for that purpose and retain the original on file in his office, a copy of which duly certified under the Great Seal of the State shall be admitted in evidence of the creation of the corporation; whereas it affirmatively appears from the record that the County Clerk and Ex-officio Clerk of the Superior Court of some county in the State of California must take some official action with reference to a proposed corporation, and after having taken this official action this particular officer seems to be required to file the articles with the Secretary of State. On account of this proof having been made, the testimony of the witness Frank C. Jordan offered in connection with the certified copy of the Articles of Incorporation did not have the effect to make prima facie proof of the creation of said corporation.

However, it further appears from the record that the defendant did not object to the introduction of other proof having a tendency to establish the incorporation of said company, and without stating in detail what that other proof was, it may have been considered by the trial court ample evidence that said Pathfinder Motor Car Company was a corporation duly incorporated under the laws of the State of California. Moreover, Alfred Abeel himself, the original defendant, testified by deposition as follows:

"I was connected with the Pathfinder Motor Car Company, *a corporation in California.* (Italics ours.) I am not certain the amount of stock issued in the Pathfinder Motor Car Company on the second day of December, 1912. My memory is it was about $20,000. As to what amount of stock was issued to me in said Pathfinder Motor Car Company on or prior to December 2, 1912, and how much has been issued to me since, I do not remember the exact date, but when it was organized half the stock was issued to me and one-half to I. N. Johnston; at least, that is my impression now. Perhaps one or two shares

were issued to other parties to make them eligible as officers of the company."

It will be noted that the original defendant himself distinctly testified to the fact that the Pathfinder Motor Car Company was a corporation in California. Russell v. Deutschman, 100 S. W., 1169; Hill v. Houser, 51 Texas Civ. App., 359, 115 S. W., 112; Houston C. Pub. Co. v. Quinn, 184 S. W., 669; Houston Oil Co. v. Miller, 196 S. W., 189; Wortham Bag Co. v. Houston Bag Co., 230 S. W., 1055. While we are of the opinion that under the facts of this case it was incumbent upon the plaintiff to allege and prove that the Pathfinder Motor Car Company was a corporation duly organized under the laws of the State of California, yet we are further of the opinion that the corporate existence and character of said company for the purpose of this case might be proved by parol evidence in connection with the documentary evidence found in the record. In consequence of which, we think the sixth question should be answered in the affirmative. It follows, therefore, that while we think the trial court did not err in admitting in evidence the testimony of the witness Frank C. Jordan, but that the same did not constitute prima facie proof of the creation of the alleged corporation, yet we think that the trial court was justified in considering the parol evidence introduced tending to prove the incorporation of the Pathfinder Motor Car Company in connection with the documentary testimony as legally sufficient to establish said incorporation, and that any error committed by the trial court holding that any particular testimony constituted prima facie proof of the creation of said corporation, was harmless.

Opinion of the Commission of Appeals answering certified questions is adopted and ordered certified to the Court of Civil Appeals.

*C. M. Cureton,* Chief Justice.