## PRODUCERS PIPE & SUPPLY CO. v. HAMMONDS et al.

### No. 5646.

Court of Civil Appeals of Texas. Texarkana.

Aug. 1, 1940.

Wynne & Wynne and Philip Brin, all of Longview, for appellant.

Abney & Caven and Hubbard Caven, all of Marshall, for appellees.

PER CURIAM.

This is an appeal from an order of the District Court of Marion County overruling a plea of privilege. On December 16, 1938, appellees instituted suit against appellant in Marion County for damages due them as a result of delivery to them by appellant at their oil lease in Marion County of allegedly inferior oil well casing. It was alleged that the casing was cemented in appellees' well and was condemned by the State Railroad Commission as being inferior in quality and strength when subjected to the test required by said Commission. Plea of privilege and controverting affidavit were filed in due time joining the issue as to venue. It is a contention of appellant that the evidence in the record is insufficient to establish that it was a foreign corporation incorporated under the laws of Oklahoma. Appellees introduced certified copy of appellant's charter issued to it by the State of Oklahoma. This certificate purports o be under the seal of the State of Oklaoma. Judge Fred Branson, a witness for appellees, testified: "I personally know Mr. F. C. Carter, whose name appears on the document, and know that he was the Secretary of State of the State of Oklahoma on the 5th day of December, A. D.

1938. I personally know the said F. C. Carter, and have known him for thirty years. I know Katherine Manton, Assistant Secretary of State, and know her signature attached to the document. I am familiar with the Seal of State of the State of Oklahoma, and know that the Seal attached to the document is the Seal of the State of Oklahoma. I was in the Secretary of State's office in the Capitol Building in Oklahoma City, and made personal application for this certified copy of the Articles of Incorporation of the Producers Pipe & Supply Company, Tulsa, Oklahoma. After the document was made, I assisted Katherine Manton, the Assistant Secretary of State, in comparing it with the original on file, she reading the copy, I checking it with the original on file in that office; and I personally know that the Articles introduced in evidence is a true, exact, and correct copy of the Original Articles of Incorporation filed in the office of the Secretary of State, whose office is in the Capitol Building in Oklahoma City."

In addition to this testimony appellees introduced in evidence without objection certified copy of appellant's permit to do business in Texas which shows it to be incorporated under the laws of the State of Oklahoma. We think that the above proof satisfies the requirement of the law. Abeel v. Weil, 115 Tex. 490, 283 S.W. 769. 28 U.S.C.A. § 688, has no application to the facts in this case.

Appellees in their controverting affidavit allege that this case comes under subdivisions 5, 23, and 27 of Article 1995, R.C.S., Vernon's Ann.Civ.St. art. 1995, subds. 5, 23, 27, and the venue, therefore, is maintainable in Marion County under one or all of these sections. Under proof made by appellees on the trial of this plea of privilege it is clear to us that this case comes under Section 27 of Article 1995. The evidence shows that the cause of action, or a part thereof, arose in Marion County. Appellees alleged in their petition in the main suit, and their proof sufficiently established, as pertaining to the question of venue, that their damages were brought about by the delivery to them in Marion County by appellant of inferior oil well casing instead of new electric weld grade C casing ordered by appellees, and agreed by appellant in its telegram of confirmation to be delivered; that said casing when placed in the well did not stand the test required by the Railroad

Commission of Texas; and that as a result they had to move their location and drill another well to their damage in the amount sued for. Certainly a part of the cause of action for the alleged damages to appellees arose in Marion County where their oil well was located, where the casing was placed in said well, and where the casing was delivered by appellant. Under this section of the venue statute we think the trial court very properly overruled appellant's plea of privilege.

Therefore the judgment is in all things affirmed.