Edward Lee **HICKS**, d/b/a Hicks Rubber Company, Appellant,

v.

Mary Dell **HOOVER**, Appellee.

No. 16838.

Court of Civil Appeals of Texas.

Dallas.

Dec. 23, 1966.

Jack C. Wessler and Ira Butler, Jr., of Cantey, Hanger, Gooch, Cravens & Scarborough, Ft. Worth, for appellant.

William Woodburn & Houston E. Holmes, Jr., of Worsham, Forsythe & Woodburn, Dallas, for appellee.

BATEMAN, Justice.

The appellant Edward Lee Hicks appeals from an order overruling his plea of privilege to be sued in Tarrant County, where he resides. In her suit against him, the appellee Mary Dell Hoover alleged that State Tire Company, Inc. (hereinafter called State Tire) owed her for unpaid rents due under a lease agreement in writing between her and that company, and that appellant purchased from State Tire its inventory of tires and like goods, wares and merchandise and equipment without complying with the provisions of Vernon's Ann.Civ.St., Art. 4001, commonly known as the Bulk Sales Law, in that he did not demand of and receive from the seller a sworn list of its creditors and did not give such creditors notice of such sale or transfer, by reason of which failures he became liable and accountable to her as a receiver of all such merchandise and fixtures. She prayed for judgment declaring and adjudging the sale or transfer to appellant to be in violation of the Bulk Sales Law, that appellant be adjudged to be a receiver or trustee by virtue of such statute and required to account as such.

In appellee's controverting affidavit to appellant's plea of privilege she alleged that appellant's failure to comply with Art. 4001, V.A.C.S., constituted a fraud upon the creditors of State Tire occurring in Dallas County within the meaning of subdivision 7, and a trespass in Dallas County within the meaning of subdivision 9, of Art. 1995, V.A. C.S. After proper notice and hearing, the court overruled appellant's plea of privilege.

Appellant presents three points of error on appeal asserting error in the overruling of his plea of privilege because (1) there is no competent evidence, or insufficient evidence, of the existence of the essential venue facts to bring the case within either of the exceptions to the general rule of venue relied upon by appellee; (2) there is no competent evidence of the basis of appellee's cause of action, which basis appellee sought to establish by introducing in evidence the lease agreement in question; and (3) the lease agreement, the basis of appellee's cause of action, was erroneously received in evidence over appellant's objections that the identity and position of the person executing the lease on behalf of State Tire were not established. These points of error are presented together in appellant's brief, and we shall consider and dispose of them together.

In his testimony appellant concedes that he did not demand of or receive from State Tire a sworn list of its creditors or notify appellee of the purchase. He urges reversal on the sole proposition that, since appellee's cause of action is based upon the existence of a written lease agreement between her and State Tire, and this lease was improperly admitted in evidence, appellee did not even prove that she was a creditor of State Tire, making it unnecessary to brief the questions of whether his violation of the Bulk Sales Law actually constituted either a trespass or a fraud. If these latter questions may be considered raised by any of the points, they are not argued in the briefs and whatever rights appellant might have had with respect thereto may be deemed to have been waived. Rule 418, Vernon's Texas Rules of Civil Procedure; Thigpen v. Locke, Tex.Sup., 363 S.W.2d 247, 249; Lane v. Security Title

& Trust Co., Tex.Civ.App., 382 S.W.2d 326, 331; Luby v. City of Dallas, Tex.Civ.App., 396 S.W.2d 192, 198.

The question of whether the trial court erred in admitting the lease in evidence is not determinative of this appeal. Appellant contends it was inadmissible because appellee failed to prove that one Sullivan, who signed the lease as president of State Tire, actually was its president and duly authorized to execute the lease for it. However, the witness Peter Baldwin, the real estate broker who negotiated the lease, testified that he negotiated the lease with Sullivan, who purported to act as president of the company and that State Tire took possession of the premises about the middle of June, 1960 and occupied them more than two years and paid the rental due under the written lease until it vacated the premises in August, 1962; that after State Tire vacated the premises there were certain repairs which appellee paid to have made, and that she then rented the property to two different tenants, paying him a commission for finding the new tenants, and that the total of unpaid rent, the repairs and commission was $24,972, against which State Tire was entitled to a credit of $18,000 on account of rents paid by the new tenants; that he made attempts to collect this balance of rental due but that the amount stated remained unpaid after such attempts.

■ This uncontradicted testimony established a set of circumstances sufficient to show that the corporation executed the lease, making it admissible. Abeel v. Weil, 115 Tex. 490, 283 S.W. 769, 775.

■ Moreover, such testimony was amply sufficient to support the court's implied finding that appellee was a creditor of State Tire, regardless of whether the lease itself was admitted in evidence. Therefore, any error there may have been in admitting the lease agreement in evidence was harmless. Rule 434, T.R.C.P.

The order overruling appellant's plea of privilege is

Affirmed.