Ella J. CLARK, Appellant,

v.

W. R. INGRAM, Appellee.

No. 17308.

Court of Civil Appeals of Texas.

Dallas.

July 11, 1969.

Rehearing Denied Oct. 17, 1969.

J. P. Cox, Jr., of Cox & Cox, Sherman, for appellant.

Henry J. Anderson, Wichita Falls, for appellee.

BATEMAN, Justice.

This replaces our former opinion, which is withdrawn.

Judgment was rendered upon a jury verdict for appellee W. R. Ingram against appellant Ella J. Clark for a real estate broker's commission of $5,000 and an attorney's fee of $2,000.

Ingram sued on a written listing agreement as follows:

"Date 6/4/68

"I hereby authorize Wm. R. Ingram Co., as agent, to sell the real property described as: All of Lot #4 and South 5 ft. of Lot #1, known as Sherman Beauty School. This includes all equipment, supplies, and property pertaining to the school.

"for the price of $80,000.00, on the following terms, CASH.

"I agree to furnish the purchaser a good and sufficient warranty deed, and to pay Wm. R. Ingram Co. a commission of $5,000.00 on the total price of the sale.

"This authorization to remain in effect until 8/1/68 and thereafter until terminated by our giving you as agent 30 day notice in writing.

"Signed:
"Ella J. Clark"

Shortly after the date thereof Ingram presented to Mrs. Clark a printed form of contract of sale signed by Charles C. White as purchaser and with the blanks so filled in as to make a contract by which Mrs. Clark (if she signed it) would sell,

and White would buy, the property in question for $80,000 cash. The said form of contract would obligate the seller to furnish an abstract of title, pay Ingram a commission of $5,000, and also to sign a "no compete agreement for 300 miles and a five year period"; abide by the Bulk Sales Act and furnish a complete list of creditors; obtain for the purchaser a new State license; and permit the purchaser's accountant to examine the School's books.

In her sworn answer and in her testimony Mrs. Clark denied signing the listing agreement sued on, contending that she signed only a blank sheet of paper. She contended that she understood she was listing only her business, not including her real property, for sale at $80,000; also that she had never been willing to agree not to compete with the purchaser within a radius of 300 miles, or to obtain a State license for him.

The jury found: (1) that Mrs. Clark did execute the listing agreement; (2) that she agreed to execute a contract not to compete within Grayson County and southern Oklahoma for a period of five years as a part of a sales contract with Charles C. White; (3) that White was agreeable to such a contract; (4) that Mrs. Clark agreed that she would effect the new licensing for the school; (5) that Mrs. Clark agreed to permit a purchaser to examine the books of the school; (6) that Ingram was responsible for White's execution of the form of contract of sale; (7) that White was ready, willing and able to comply as purchaser with the said contract; (8) that the non-consummation of the sale was not due to any fault of Ingram; and (9) that $2,000 would reasonably compensate Ingram for attorney's fee.

■■ In her first point of error on appeal Mrs. Clark complains of the failure of the trial court to instruct a verdict in her favor. Her motion for a directed verdict was on the sole ground "that the undisputed testimony shows that the plaintiff is not entitled to a verdict in this case."

The overruling of the motion was justified by appellant's failure to state in the motion a specific ground therefor. Patrick v. McGaha, 164 S.W.2d 236, 239 (Tex.Civ. App., Fort Worth 1942, no writ); Wright v. Carey, 169 S.W.2d 749, 753 (Tex.Civ. App., Eastland 1943, no writ); Harvey v. Elder, 191 S.W.2d 686, 687 (Tex.Civ.App., San Antonio 1945, writ ref'd); Rule 268, Vernon's Texas Rules of Civil Procedure. Moreover, our examination of the record reveals ample evidence to support Ingram's allegations and to carry the case to the jury. The first point of error is overruled.

In her sixth point of error she complains of the trial court's failure "to sustain objections to all testimony attempting to vary the listing contract in the absence of pleadings authorizing its variance"; and in her second point she complains of the trial court's failure "to exclude all testimony with reference to a parole (sic) modification of the listing contract, and for the reason that it contained conditions not within the listing agreement." These points are overruled for three reasons:

■ 1. They are too vague, general and indefinite to comply with subdivision (b) of Rule 418, T.R.C.P., in that they do not direct our attention to the particular error relied upon. Instead, they place upon us "the onerous duty" to comb carefully through the record to ascertain, if possible, just what testimony is referred to and specifically what objections were leveled against it. Missouri-Kansas-Texas Railroad Co. of Texas v. McFerrin, 156 Tex. 69, 291 S.W.2d 931, 941 (1956); Wagner v. Foster, 161 Tex. 333, 341 S.W. 2d 887, 891 (1960).

■ 2. Moreover, neither of these points is germane to any assignment of error contained in the amended motion for new trial, as required by subdivision (b) of Rule 418, T.R.C.P. See also Rules 320, 321, 324 and 374, T.R.C.P., and Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887 (1960).

3. Nevertheless, consistent with our usual practice and our earnest desire to give all parties a fair hearing aside from technical considerations, we have seriously endeavored, by studying appellant's brief and the entire statement of facts, to determine just what is complained of in these two points. The core of the complaint seems to be that the presentation by Ingram of the proposed form of contract, which contained several provisions not found in the listing agreement, constituted a parol modification or varying of the latter. This presents no ground for reversal. Mrs. Clark agreed to pay Ingram $5,000 if he would bring her a purchaser who would pay her $80,000 for the property. The listing agreement did not purport to set out all the details that would have to be agreed upon before a transaction such as this could be fully consummated. Ingram produced a man who was willing to buy the property at Mrs. Clark's price, provided she would agree to certain detailed requirements. These were a part of White's offer to buy her property. She had the right to refuse the offer, in which event she would have owed Ingram nothing, Quaile v. McArdle, 244 S.W.2d 695 (Tex.Civ. App., San Antonio 1952, writ ref'd n. r. e.), or she could agree to the requirements contained in the offer. But she could not so agree and then refuse to consummate the transaction without being liable for the commission. Mason v. Abel, 215 S.W.2d 377, 382 (Tex.Civ.App., Dallas 1948, writ ref'd n. r. e.). According to the undisputed evidence, she agreed to all of the requirements except three, and as to these there was evidence both ways. The dispute as to them was resolved by the jury in Ingram's favor and Mrs. Clark does not by a point of error in her brief attack those jury findings as being without support in the evidence. Therefore, it must be held that Ingram fulfilled his part of the bargain in the listing agreement and thereby earned the agreed commission. Stuckey v. Union Mortgage & Investment Co., 383 S.W.2d 429, 433 (Tex.Civ.App., Tyler 1964, writ ref'd n. r. e.) ; Shirey v. Albright, 440 S.W.2d 152 (Tex.Civ.App., Corpus Christi 1966, writ ref'd n. r. e.).

Mrs. Clark's third point of error is:

"Failure of the Court to find that Ingram breached his brokerage contract by failure to disclose information he received from the prospective purchaser to the appellant, his principal."

This point presents no basis for reversal. The case having been tried to a jury, findings of fact by the court were not authorized. Hall v. Brown, 398 S.W.2d 404, 407 (Tex.Civ.App., Waco 1966, no writ). No issue on this alleged defense was given in the charge to the jury, and it cannot be said that it was conclusively established under the evidence. Mrs. Clark did request the submission of two special issues touching on the question, but does not complain of the refusal thereof by a point of error in her brief. The error, if any, was thus waived. Associated Architects & Eng., Inc. v. Lubbock Glass & Mirror Co., 422 S.W.2d 942, 946 (Tex.Civ.App., Amarillo 1967, writ ref'd n. r. e.) ; Rule 279, T. R.C.P.

We discern from the argument under this third point that Mrs. Clark contends that Ingram breached his contract with her by not disclosing to her that White would be agreeable to limiting the "no compete area" to the cities of Sherman and Denison, and that this breach barred him from any recovery herein. Both White and Mrs. Clark agreed that it would be unreasonable to expect her to contract not to compete within a radius of 300 miles. She indicated her willingness to agree not to compete in Grayson County, Texas, or southern Oklahoma for five years. This of course was agreeable to White, as the jury found. There is nothing in the record to indicate that if Mrs. Clark had known of White's willingness to narrow the area to Sherman and Denison she would have completed the transaction. On the contrary, it appears from the undisputed evidence that during the discussion

of the proposed contract in her attorney's office she went to see her accountant and returned shortly and announced that she would not sell the property for less than $100,000. This terminated the negotiations.

For these reasons, the third point is overruled.

█ The fourth point complains of the failure of the trial court to strike Special Issues Nos. 2 and 3. The fifth point complains of the failure of the trial court "to grant appellant's amended motion for new trial." Neither point is argued in the brief and each must therefore be considered waived. St. Paul Mercury Ins. Co. v. Sugarland Industries, Inc., 406 S.W.2d 778, 783 (Tex.Civ.App., Eastland 1966, writ ref'd n. r. e.); Hicks v. Hoover, 410 S.W.2d 534 (Tex.Civ.App., Dallas 1966, no writ); Thigpen v. Locke, 363 S.W.2d 247, 249 (Tex.1963).

█ Moreover, although appellant objected to the submission of Special Issues 2 and 3, the action of the court in overruling the objection is not complained of in the amended motion for new trial, and the objection must be considered waived for that reason also. Rules 320, 321, 324 and 374, T.R.C.P.; Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887, 890 (1960).

Appellant's amended motion for new trial contained numerous grounds of alleged error, and her fifth point of error on appeal complains of the overruling of that motion. The point is obviously too general, broad and multifarious to merit our consideration. Bailey v. Tishlias, 348 S.W.2d 220 (Tex.Civ.App., Dallas 1961, writ ref'd n. r. e.); Stuckey v. Union Mortgage & Investment Co., 383 S.W.2d 429, 440 (Tex.Civ.App., Tyler 1964, writ ref'd n. r. e.).

The fourth and fifth points are overruled.

No reversible error having been assigned or demonstrated, the judgment is affirmed.