Basilio MOLINA, Appellant,

v.

**TEXAS EMPLOYERS' INSURANCE
ASSOCIATION, Appellee.**

**No. 17923.**

Court of Civil Appeals of Texas,
Dallas.

Sept. 28, 1972.

**120**

George Busch, Fort Worth, for appellant.

James E. Henderson, Henderson, Bryant & Wolfe, Sherman, for appellee.

BATEMAN, Justice.

This workmen's compensation case was tried to a jury and judgment was rendered for the lump sum of $4,902.72. Claiming to be entitled to a larger award, the workman appeals.

■ His first point of error complains that the trial court erred in failing to base its award upon an average daily wage of $19.61 at the time of injury, because appellant had alleged that rate and appellee had failed to deny it under oath, as required by Rule 93(n)(8), Vernon's Texas Rules of Civil Procedure. Under the statutory formula (Tex.Rev.Civ.Stat.Ann. art. 8309, sec. 1, subdivision (1)), the alleged daily wage rate would produce an average weekly wage of $113.13. However, the statement of facts shows that the attorneys for the parties stipulated in open court that appellant's average weekly wage at the time of injury was $84. No contention was made that the matter had been determined by appellant's unchallenged pleading of a higher rate and the trial court based its judgment on the lower stipulated rate.

The court committed no error in doing so and the point is overruled. The agreement in open court was binding on both parties regardless of the defect in appellee's pleading, and appellant is in no position to "set aside and nullify" it. Miller v. Davis, 136 Tex. 299, 150 S.W.2d 973, 979 (1941). Appellant waived the right to contend that the question was foreclosed by the defect in appellee's pleadings. Rules 67 and 90, T.R.C.P.

■ Appellant's injury had necessitated the surgical removal of portions of a herniated disc from his spine. By his second, third and fourth points of error he complains of the admission of the testimony of Joe Valley, superintendent for the employer, that other persons with injuries similar to that of appellant had returned to work for the employer, and in basing the judgment on such testimony and permitting counsel for appellee to argue the matter to the jury. Appellant's only objection to the testimony was that it was hearsay, but our attention is not directed to anything in the record, and our careful search of the record fails to reveal anything, to show that it was hearsay.

Counsel for appellant, on cross-examination of Valley, asked him whether he "hired cripples." He answered by saying that appellant was the first one he had "run across." Counsel for appellee then asked him on redirect whether he had "any men out there that have had this disc operation," to which he answered, "I think there is about three or four." Not only was this testimony thus invited by appellant's said cross-examination, but no objection was made to it; it must therefore be treated as waived. Texas Employers' Insurance Association v. Dennis, 372 S.W.2d 559, 564 (Tex.Civ.App., Fort Worth 1963, writ ref'd n. r. e.); State v. Landers, 377 S.W.2d 777 (Tex.Civ.App., Tyler 1964, no writ); Lane v. Dallas Transit Co., 331 S.W.2d 821, 824 (Tex.Civ.App., Amarillo 1959, writ ref'd n. r. e.). The second, third and fourth points of error are overruled.

■ The jury found that, after a certain period of total incapacity, appellant's incapacity was partial but permanent, and that his average weekly wage earning capacity during the existence of his partial incapacity was $66. By his fifth and sixth points of error appellant assails these findings on the grounds there was insufficient evidence, and no evidence, to support them, but the finding of wage earning capacity is the only one attacked in the argument and will therefore be the only one noticed on this appeal. Rule 418, T.R.C.P.; Hicks v. Hoover, 410 S.W.2d 534, 535 (Tex.Civ. App., Dallas 1966, no writ).

■ As stated in *Fidelity & Casualty Co. of New York v. Read*, 433 S.W.2d 797, 798 (Tex.Civ.App., Waco 1968, writ ref'd n. r. e.):

"It is not required that a claimant adduce positive and affirmative evidence of his future ability to earn wages in a definite and specific amount. The very nature of the inquiry makes it obvious it is not susceptible of exactitude. At best the uncertain answer must be the result of deduction from circumstances leading to a reasonable estimate."

There was medical testimony that at the time his partial incapacity began he was able, within certain restrictions placed on him by the treating doctor, to perform the ordinary tasks of a workman. The doctor testified in considerable detail as to postoperative care of appellant, during which period he showed steady improvement, enabling the doctor to change the patient's weight-lifting restrictions from ten to fifty pounds, and that the doctor estimated his permanent disability at fifteen percent. The superintendent, Valley, testified that appellant returned to work in January, 1971, after the injury on September 9, 1970, and was given light work; that appellant had no complaints concerning his back and was feeling so much better that he insisted on going back to his former job, which was harder and which required him to lift sixty to eighty pounds. Appellant and his wife both testified concerning his condition and abilities. The jury had an opportunity to observe his appearance at the time of trial and were free to reach their own conclusions from such observation and the evidence as to his probable future earning capacity. There was sufficient evidence to support the finding in question. Traders & General Ins. Co. v. Snow, 114 S.W.2d 682, 688 (Tex.Civ.App.,

El Paso 1938, writ dism'd); Bituminous Casualty Corporation v. Jordan, 351 S.W. 2d 559, 562 (Tex.Civ.App., Waco 1961, no writ). Points of error 5 and 6 are overruled.

By his seventh point of error appellant says the court erred in overruling his objection to the statement of appellee's counsel on voir dire examination of the jury panel that he would produce evidence showing that plaintiff had sustained a specific percentage of partial incapacity. The statement in question was:

"I expect that Dr. Graham will be here and that he will tell you that this man has very nearly entirely recovered from his injury and from surgery and that if there was any disability at all connected with him, it is only a prohibition against lifting extremely heavy weights. In other words, we say all right, the man was hurt, he was provided with surgery, he has had a good result from it and he is not totally and permanently disabled at all, but is at the most experiencing, at the most generous estimate, ten or fifteen per cent disability."

Of course, as appellant points out, Tex. Rev.Civ.Stat.Ann. art. 8306, sec. 11, sets forth the correct manner of computing the amount due an employee for his partial incapacity due to a general injury, and specifically provides that the compensation "shall not be computed on a basis of a percentage of disability."

On the trial counsel for appellee asked Dr. Graham whether appellant had "any permanent disability from a percentage standpoint," to which the doctor replied "fifteen percent," explaining that this was because of the limitation of motion in the spine, the scar tissue around the spine area and the limitation of right and left bending. No objection was made to this testimony, and counsel for appellant cross-examined Dr. Graham at some length as to whether he knew of any employers in that area that were hiring men to do bending, lifting, stooping, manual labor who had

a fifteen percent disability, and in general endeavored to show that a percentage estimate will not always properly reflect the real impairment of ability to perform certain kinds of work.

The computation of future wage earning capacity is necessarily a difficult task and cannot ever be done with exactitude. The jury is entitled to all the light that can be shed on the matter, including evidence as to what the workman is physically able to do and what he is unable to do, as to whether he suffers pain, loss of sleep or nervousness and many other evidentiary matters. In our opinion, the testimony of the orthopedic surgeon as to his opinion of the percentage of incapacity, based on several detailed examinations of appellant, sheds some light on the question, and that being true it was not error for counsel for appellee to predict on voir dire examination of the jury panel what the doctor would probably testify to.

In any event, if there was error in the ruling it was harmless. The jury found a loss of wage earning capacity substantially larger than fifteen percent. It cannot, in our opinion, be said that an improper judgment was probably caused by the ruling. Rule 434, T.R.C.P.

Appellant's points of error Nos. 8, 9 and 10 assert that the trial court committed reversible error in permitting appellee's counsel, over objection, to comment in jury argument on appellant's failure to call a certain witness. As the record before us fails to reveal the argument complained of or the objection made thereto, and there is no bill of exception thereon, the error, if any, is not preserved and nothing is presented for review by this court. Pritchett v. Highway Insurance Underwriters, 158 Tex. 116, 309 S.W.2d 46, 50 (1958). The points are overruled.

By a cross-point appellee contends that, since it has been willing to pay the judgment from the time it was entered, it should not be obliged to pay interest thereon. Appellee did not except to the judg-

ment in the trial court, but offered to pay it on condition that appellant not prosecute his appeal. In its brief in this court appellee complains of no ruling or action of the trial court and urges that its judgment be affirmed. The cross-point does not seek "to preserve error committed by the trial court," nor does it attempt or purport to "bring forward complaints of some ruling or action of the trial court which the appellee alleges constituted error" as to it. Jackson v. Ewton, 411 S.W.2d 715, 717 (Tex.Sup.1967); Rule 420, T.R.C.P. Therefore, nothing is presented for appellate review by this court. Accordingly, the so-called cross-point is dismissed.

Affirmed.