**Jim MILLS d/b/a Century 21 Jim Mills Realty, Appellant,**

v.

**PMP MOBILE HOME AND TRAILER PARK, INC. J. O. Mack Trustee, and J. O. Mack, Individually, Appellees.**

No. 17984.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 4, 1982.

Nila Pittillo, and Dean, Ludka, Harrison & Johnson, Brownsville, for appellant.

F. T. Graham, Jr., Brownsville, for appellees.

Before EVANS, C. J., and WARREN and DOYLE, JJ.

DOYLE, Justice.

This is an appeal from a directed verdict rendered in favor of appellees. Jim Mills, d/b/a Century 21–Jim Mills Realty, sued PMP Mobile Home and Trailer Park, Inc. (PMP), J. O. Mack, Trustee, and J. O. Mack, individually, for recovery of a real estate commission under a written listing agreement executed by appellant and appellee Mack on behalf of the corporation. Both appellees were alternatively sued for fraud and misrepresentation. After the appellant rested, the trial court granted both appellees' motions for directed verdicts and rendered judgment in favor of both appellees. We affirm the judgment of the trial court.

Appellant's seven points of error jointly complain that the trial court erred in failing to find that the evidence introduced established the appellant's entitlement to a real estate commission and the elements of fraud on the part of appellee Mack. The points of error also charge the trial court with failing to apply the standard of proof applicable in a directed verdict case.

The facts adduced arose from a non-exclusive listing agreement and an earnest money contract. The listing agreement provided for the sale of 15.31 acre tract of land in the Media Luna Subdivision, Cameron County, Texas, for a "price of $250,-000.00 or any other price or terms that the Owner may accept, . . ." After other standard formal wording, the agreement contained the following handwritten clause:

This listing is subject to prior sale and the sale is subject to approval of the Board of Directors of PMP Mobile Home Park.

Then followed the signature of Lester Powell, a broker employed by the appellant and the signature of J. O. Mack on the line for the owner's name. The agreement was "by and between PMP Mobile Home Park, J. O. Mack (Trustee) hereinafter called Owner, and Century 21 Jim Mills Realty hereinafter called Broker..."

The earnest money contract as drawn shows that "THIS IS A CONTRACT whereby J. O. Mack, Trustee for PMP Mobile Home Park, herein called Seller, agrees to sell to Raymond W. and wife Acacia Peters, herein called Buyer..." The contract not only listed the 15.31 acres of land, but also thirteen (13) Manatee Mobile Homes located at the Park and referred to an equipment list which included three (3) lawn mowers. The contract further listed the total sales price as $250,000.00, payable $50,000.00 cash, plus a real estate lien note for $200,000.00 at 8½% interest with monthly payments of $2,479.80. The contract also provided that the seller would grant to the buyer, without cost, an easement over an adjacent 22 acre tract of land and the use of the sewage treatment facilities thereon, until the City of Brownsville supplied an adequate sewerage facility.

Appellant's contention is that he produced a ready, willing and able buyer and that the proposed earnest money contract was accepted by the appellees. The appellees counter that the proposed earnest money contract was never accepted, that the earnest money contract was materially different from the listing agreement and was, in fact, rejected by the board of directors. As to the element of fraud, appellees argue that appellant has failed to point out any fraudulent misrepresentation by either J. O. Mack or the corporation.

The Texas Real Estate License Act, Tex. Rev.Civ.Stat.Ann. art. 6573a § 20(b) governs when a broker may recover a commission:

An action may not be brought in court in this state for the recovery of a commission for the sale or purchase of real estate unless the promise or agreement on which the action is brought or some memorandum thereof, is in writing and signed by the party to be charged or signed by person lawfully authorized by him to sign it.

As pointed out by appellant in its brief, the listing agreement provided for the payment of a 6% commission at the time of closing upon the production by appellant of a ready, willing and able buyer at the price listed, "or any other price the Owner has agreed to accept." Such listing agreement contemplated finding a buyer who would either accept the terms as set out in the listing agreement, or who would make a substitute proposal as to price and/or terms acceptable to the owner. The facts before us show that the earnest money proposal differed from the listing agreement in the following particulars:

(1) Instead of $250,000 for a cash sale, appellant's buyers offered $50,000 down and a note for the remaining $200,000 at 8½% interest on monthly installments.

(2) The listing agreement was for a 15.31 acre tract of land only. The proposed earnest money contract additionally listed 13 Manatee mobile homes and 3 lawn mowers.

(3) Although not in the listing agreement, the proposed contract provided for the appellees to grant an easement to appellant over an adjacent 22 acre tract for sewage usage.

Only the Peters executed this agreement as buyers. Neither of appellees signed this proposed earnest money contract. Thus, there never was a buyer ready, willing and able to purchase on terms acceptable to the owner as would entitle appellant to a commission.

Appellant insists that where a defendant moves for an instructed verdict, as in the case before us, the appellate court must accept as true appellant's evidence in a trial before the court if the record contains any evidence that would support a judgment favorable to appellant. He cites *Guthrie v. Ray*, 556 S.W.2d 589 (Tex.Civ.App.—Dallas 1977, no writ) and *Collora v. Navarro*, 574 S.W.2d 65 (Tex.1978). These cases reiterate the proper standard for appellate review in

a directed verdict case. The facts in both cases are distinguishable from our case. Neither of them preclude the granting of a directed verdict when there is no evidence of probative value to raise fact issues on questions presented and where the evidence is so conclusive that reasonable minds can not differ. *Henderson v. Travelers Ins. Co.,* 544 S.W.2d 649 (Tex.1976).

As to J. O. Mack, it is obvious that when he entered into the listing agreement with appellant, he made a full disclosure of his role with relation to PMP, and specifically provided in the instrument that the sale was subject to the corporation's approval. It is undisputed that the corporation rejected the contract when it was presented to its board of directors. As to appellee PMP, there is no evidence to show that PMP took any action authorizing appellee Mack to enter into a listing agreement. Nor is there any evidence that PMP even knew of the agreement, which was not admitted into evidence against it. We find no fraud in the execution of the listing agreement nor in the conduct of the appellees thereunder. Further, there has been no proof that appellant suffered any monetary injury resulting from any acts of appellees.

The judgment of the trial court in directing verdicts for each of appellees is affirmed.