Suber Associates v. Cave 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00521-CV







Suber Associates, Appellant



v.



Martin L. Cave, Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY


NO. 219,334, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING







PER CURIAM



 This appeal arises from appellant Suber Associates' suit to recover a broker's
commission. Suber sued appellee Martin Cave for a commission under an exclusive listing
agreement to sell Cave's business, the 600 Shop. Cave counterclaimed for deceptive trade
practices. Trial was to the court, which rendered judgment that neither party recover. We will
affirm the trial court's judgment.

 By its first three points of error, Suber attacks the trial court's failure to find that
it procured a ready, willing, and able buyer under the terms of the listing agreement. At the close
of Suber's evidence, Cave moved for a directed verdict. Because trial was to the court, Cave's
motion was properly denominated a motion for judgment. Such a motion allows the trial court
to rule on both the factual and legal issues at the close of the plaintiff's case and to make factual
findings if requested. Qantel Business Sys., Inc. v. Custom Controls Co., 761 S.W.2d 302, 304 (Tex. 1988). The trial court issued findings of fact and conclusions of law in this case,
including its finding that no evidence showed that Suber procured a ready, willing, and able buyer
for Cave's business. (1) Suber challenges this failure to find by both the great weight and
preponderance of the evidence and as a matter of law. 

 In reviewing Suber's matter-of-law point, we examine the record for evidence that
supports the finding, ignoring evidence to the contrary. If no evidence supports the finding, we
then examine the entire record to determine if the contrary proposition is established as a matter
of law. Sterner Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989); Holley v. Watts, 629
S.W.2d 694, 696 (Tex. 1982). In reviewing a great-weight-and-preponderance point, we consider
all the evidence and will set aside the finding only if it is so contrary to the overwhelming weight
of the evidence as to be clearly wrong and unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex.
1986); In re King's Estate, 244 S.W.2d 660, 661 (Tex. 1951).

 The listing agreement between Suber and Cave requires the sales price of Cave's
business to be $65,000, payable $40,000 in cash and $25,000 in an assumable loan. Cave agreed
to pay Suber a minimum fee of $10,000 if Suber "procure[d] a Purchaser, ready, willing and able
to purchase the property upon comparable terms of the listing contract or upon such other terms
and conditions acceptable to" Cave. The contract was irrevocable for 180 days from September
10, 1993, and, if not afterward revoked, terminated September 30, 1994. Under this contract,
Suber could earn his right to a commission by timely procuring a buyer who was ready, willing,
and able to buy the business either on terms comparable to those in the listing agreement or on
other terms that Cave accepted. Star Supply Co. v. Jones, 665 S.W.2d 194, 197 (Tex. App.--San
Antonio 1984, no writ); Cooper v. Wildman, 528 S.W.2d 80, 84 (Tex. Civ. App.--Corpus Christi
1975, no writ).

 Within the specified time, Suber procured from Michael Harris three "Purchase and
Sales Agreements" for Cave's business. We need not consider these proposals because they were
for less than the required $65,000 sales price. Suber also procured within the specified time a
fourth "Purchase and Sales Agreement," by which Harris offered to buy Cave's business for
$65,000. Cave never signed this or any other agreement.

 The fourth "Purchase and Sales Agreement" contains a paragraph titled
"Contingencies of this Contract," which conditions the agreement on six items being completed
and satisfactory to Cave and Harris. As one of the contingencies, Cave and Harris were to contact
the lessor of the business premises to assign the lease to Harris "and/or" to obtain any revisions
acceptable to Harris; the new lease was required to extend at least nine years, with terms
acceptable to Harris. The agreement was also contingent on Cave's furnishing all accounting
information necessary to satisfy Harris as to Cave's financial representations. Once Harris
examined the information, he could reject Cave's financial representations and terminate the
agreement. Should Harris reveal any confidential accounting information, Cave's damages could
not exceed the earnest money deposit of $5,000.

 Further contingencies included the lienholder's approval of Cave for assumption
of the existing loan and review of the agreement by legal counsel, with the possibility that either
party could ask for the agreement to be modified.

 The listing agreement did not purport to set out all the details that would have to
be agreed on to close a sale of Cave's business. Suber procured a buyer who was willing to buy
the business at Cave's price, provided that Cave agreed to certain requirements. These
requirements were part of Harris' offer to buy Cave's business. Clark v. Ingram, 445 S.W.2d
780, 783 (Tex. Civ. App.--Dallas 1969, writ ref'd n.r.e.); Richardson v. Rowland, 275 S.W.2d
184, 187 (Tex. Civ. App.--Fort Worth 1955, writ ref'd n.r.e.). None of Harris' requirements was
specified in the listing agreement, however, and nothing in the listing agreement required Cave
to accept them. The listing agreement instead provides that a buyer who is not ready, willing, and
able to buy on terms comparable to those in the agreement must offer terms acceptable to Cave. 
By refusing to sign Harris' proposal, Cave indicated that he did not accept Harris' terms. Mills
v. PMP Mobile Home & Trailer Park, Inc., 630 S.W.2d 749, 750 (Tex. App.--Houston [1st Dist.]
1982, no writ). Cave had the right to refuse Harris' offer and owe Suber no commission. Clark,
445 S.W.2d at 783; Richardson, 275 S.W.2d at 187. We therefore determine that neither
conclusive evidence nor the great weight and preponderance of the evidence shows that Suber
procured a buyer ready, willing, and able to buy Cave's business under the terms of the listing
agreement. We overrule points one through three.

 Because we have determined that Suber failed to prove his procurement of a ready,
willing, and able buyer under the agreement, we need not address Suber's remaining points of
error.


 We affirm the judgment of the trial court.


Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: August 16, 1995

Do Not Publish
1. [1] Although the trial court labeled this proposition a conclusion of law, we will treat it as a
finding of fact. Ray v. Farmers' State Bank, 576 S.W.2d 607, 608 n.1 (Tex. 1979).